J. I. KING v. THE STATE.

No. 4421. Decided January 20, 1909.

**Local Option—Information—Practice on Appeal.**

Where upon appeal from a conviction of a violation of the local option law, the information did not contain appellant's name and was totally defective, the appellate court will take notice of the defect although not pointed out to the trial court and will reverse the judgment and remand the cause. Following Wood v. State, 27 Texas Crim. App., 538.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Grayson County, on a charge of unlawfully selling intoxicating liquors.

The judgment of conviction must be reversed and the cause remanded for the reason that the information filed in the case is so wholly and fundamentally wanting in the absolute essential of a good information that, notwithstanding the defect was not pointed out to the trial court, nor the matter raised in this court, we can not do otherwise than reverse such judgment. The appellant's name is not contained in the information. On inquiry it is ascertained that the original information in the court below so appears.

Under the authority of Wood v. State, 27 Texas Crim. App., 538, the case will not be dismissed, but the cause remanded. In that case it was held that the information was fatally defective, because it does not conclude, "Against the peace and dignity of the State," but Judge Willson, speaking for the court, says: "But the complaint being in all respects a sufficient one, a valid information may

be presented upon it, and the prosecution will not therefore be dismissed; but the cause is remanded that another information may be presented should the county attorney see proper to so do."

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*