## Hudspeth v. Commonwealth.

(Decided May 23, 1922.)

### Appeal from Calloway Circuit Court.

1. Indictment and Information—Requisites and Sufficiency.—If a statute merely imposes a punishment for a common law offense, the indictment for that offense must contain an averment of every fact, necessary to constitute the common law offense.

2. Indictment and Information—Requisites and Sufficiency.—If by following the language of a statute, which creates an offense, every fact, which is necessary to constitute the offense is charged or implied from the language of the indictment, the indictment will be sufficient, otherwise it will not.

3. Larceny—Indictment and Information—Chickens or Fowls.—An indictment for a violation of section 1201c, Kentucky Statutes, to be sufficient, must charge every element necessary to constitute a common law larceny, and in addition that the fowls were of the value of $2.00 or more.

4. Larceny—Indictment or Information—Trespass.—A trespass must be committed to commit a larceny, and a trespass can not be committed, if the owner or one authorized by him to pass the title and possession of the property, consents thereto; hence, it is necessary in an indictment for a larceny to charge that the act of taking, carrying away and converting the property, was without the consent of the owner.

5. Larceny—Inducing One to Part With Possession of Property.—If one, by trick or fraud induces another to part with the possession of the property, but, who does not intend to part with its ownership, and the taker at the time, intends to convert it to his own use and to permanently deprive the owner of it, such consent on the part of the owner does not prevent the act from being a larceny, as the owner did not consent to parting with the title to the property.

JOSEPH LANCASTER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.


OPINION OF THE COURT, BY CHIEF JUSTICE HURT—Reversing.

The appellant, Asher Hudspeth, was attempted to be indicted for a violation of section 1201c, Ky. Stats. He interposed a general demurrer to the indictment, which being overruled he was put upon trial and convicted. He has appealed, and while he relies upon several alleged errors of the court as grounds for a reversal of the judg-

ment, it will only be necessary to consider the first, or the one committed by overruling the demurrer to the indictment.

The ground, whereon it is insisted, that the indictment is defective, is that it does not charge that the fowls which the appellant was accused of taking were taken and carried away from the possession of the parties alleged to have been the owners, and converted to the use of the appellant, without the consent or against the will of the alleged owners. The indictment, which otherwise appears sufficient, contains no averment that the taking and carrying away of the fowls from the persons alleged to be the owners, with the intention on the part of the appellant to permanently deprive them of the fowls was without the consent or against the will of the owner, nor any allegation in other language conveying that meaning, and if such is a necessary averment in an indictment for the offense denounced in section 1201c, *supra*, it failed to state a public offense under that statute, and the demurrer should have been sustained.

The statute in question is in language as follows:

"If any person shall steal chickens, turkeys, ducks or other fowls of the value of $2.00 or more, he shall be confined in the penitentiary not less than one nor more than five years."

It is insisted, that in as much as the crime of which appellant was accused is a statutory offense, and that an indictment in the language of the statute will be sufficient, when one is indicted for such offense, and that the statute does not require, to constitute a violation of it, that the property should be taken from the possession of the owner and converted without his consent, and that it is unnecessary to charge the want of consent of the owner to the taking, in the indictment. The principle contended for as a general rule is sound, and is applicable where-ever an offense is created by a statute, which also sets out and defines the elements necessary to constitute the offense, but, if a statute merely prescribes a punishment for an offense at the common law, the indictment must charge all the facts necessary to constitute the offense as defined by the common law. Mitchell v. Commonwealth, 88 Ky. 349. Furthermore, in an indictment for a statutory offense, if by following the language of the statute, every fact necessary to constitute the offense is charged or necessarily implied from the language used, the indictment will be sufficient, but, if by following the language

of the statute the above stated aim is not attained, the indictment is not sufficient. Commonwealth v. Stout, 7 B. M. 247; Commonwealth v. White, 109 S. W. 324; Commonwealth v. Huff, 141 Ky. 459; Commonwealth v. Lowe, 116 Ky. 335; Carroll v. Commonwealth, 164 Ky. 604.

It will be observed that section 1201c, *supra,* does not create a new offense, it merely prescribes a punishment for an already existing offense. It only raises what had theretofore been a misdemeanor to a felony. It does not prescribe what facts must exist to constitute the felony, except that the fowls must be of the value of $2.00 or more, and it does not define the necessary elements which must exist to constitute a stealing. Section 1194 Ky. Stats. is a general statute prescribing a punishment for larceny and provides that a larceny of goods, money, chattels or other property of the value of twenty dollars or more, shall be punished by confinement in the penitentiary for a period not less than one nor more than five years. Then, section 1243 prescribes that the stealing of a hog of less value than four dollars, or the larceny of money, goods, chattels or other property of less value than twenty dollars shall be punished by confinement in the county jail for not less than one nor more than twelve months, if a male, but if the person guilty be a female by imprisonment not exceeding thirty days. This statute merely prescribes what the punishment shall be for the common law offense of petit larceny. Section 1195, Ky. Stats. prescribes the punishment for stealing a horse, mule, jack or jennet, at confinement in the penitentiary not less than two nor more than ten years, and section 1196, Ky. Stats. prescribes the punishment for stealing a hog of the value of four dollars or more, at confinement in the penitentiary not less than one nor more than five years. It will be observed that each of these statutes denounces a punishment for larceny, and the words ''if any person shall steal, etc.,'' as in sections 1195, 1196 and 1201c, is used as synonymous with the term larceny, and imports a larceny at common law, and must necessarily mean that the elements which go to make up a larceny must exist to constitute the offense of stealing chickens, or a hog of the value of more than four dollars, or of a horse, mule, etc., because to steal is to commit a larceny. 25 Cyc. 12. Note and cases cited. The language of the statute is of the same effect as if it had prescribed that the larceny of fowls of the value of $2.00 or more should

be punishable as a felony. Section 1196, *supra,* uses the same language with regard to stealing a horse, mule, jack or jennet, as section 1201c uses touching the stealing of chickens, turkeys, ducks or other fowls of the value of $2.00 or more, and the same language appears in section 1196 *supra* with regard to stealing a hog of the value of four dollars. The language in each instance being "if any person shall steal, etc." In the case of Stephens v. Commonwealth, 164 Ky. 265, the offense denounced by section 1196, *supra,* was treated as common law larceny, the court therein holding that if the evidence was contradictory as to the value of the hog, the jury should be instructed as to the punishment of a petit larceny, as applying to it.

Hence, it follows that an indictment for the crime of stealing fowls of the value of $2.00 or more as denounced by section 1201c, *supra,* should charge all the facts necessary to constitute a common law larceny. There is no better established rule than that the taking and carrying away and permanently depriving one of property, in order to constitute a larceny, must be against the will, or at least without the consent of the owner. The act to constitute a larceny must be a trespass, and there can be no trespass where the owner consents to the taking and carrying away of the property with the intention to part with the title and possession of the property. 17 R. C. L. 12, 49; 25 Cyc. 38. The intention of the taker to deprive the owner permanently of the property, although it may be entertained at the time of the taking and asportation of the property, will not make the offense larceny if the owner consents to parting with both the possession and title to the property. The consent that is to be obtained is that of the owner, or of some one having authority from him. If the owner is induced to part with the possession of the property by trick or fraud, the taker at the time having an intention to wrongfully appropriate the property, and to deprive the owner permanently of it, is not such a consent as will prevent the act from being a larceny, since the owner did not consent to part with anything but the mere possession of the property, and not with the title to it, but, if the owner intends to part with both the possession and right to the property, it is not a larceny, although the acts of the taker may be sufficient to make him guilty of obtaining property by false pretenses. Furthermore, one who comes lawfully into the possession of the property as by the consent of

the owner and without any fraud or trick upon his part to induce the owner to part with the possession, is not guilty of larceny, if he thereafter concludes to and does wrongfully appropriate it. Miller v. Commonwealth, 78 Ky. 15; Elliott v. Commonwealth, 12 Bush 176; Blackburn v. Commonwealth, 28 K. L. R. 96; Morton v. Commonwealth, 159 Ky. 231; 17 R. C. L. 13; Commonwealth v. Shang, 131 Ky. 405; Snapp v. Commonwealth, 82 Ky. 173; Smith v. Commonwealth, 96 Ky. 85. Hence to commit a larceny the acts otherwise constituting it must be done against the will or without the consent of the owner, and a failure to charge such fact in the indictment, is a failure to be direct and certain as to the particular circumstances of the offense charged, where they are necessary to constitute the complete offense, as required by section 124 of the Civil Code. The requirement that the acts to constitute larceny must be against the will or without the consent of the owner is not a mere technical requirement, but is necessary to be charged in the indictment if the orderly procedure of the administration of justice is to be adhered to, since the provisions of section 122, Civil Code, only provide for dispensing with the technical phrases, words and forms of the common law, but not with alleging any fact which is necessary to constitute a crime. Rhodus v. Commonwealth, 2 Duv. 159. No other questions, in the action, are determined.

The judgment is therefore reversed and cause remanded with directions to set aside the judgment, to sustain the demurrer and for other proceedings not inconsistent with this opinion.