## Hardin v. Commonwealth.

(Decided April 16, 1924.)

### Appeal from McCracken Circuit Court.

1. Intoxicating Liquors—Warrant Not Naming Accused in Accusatory Part States no Crime.—A warrant charging possession of intoxicating liquors, containing a blank where the name of the accused should have been inserted, did not accuse him of any public offense, and a demurrer should have been sustained, though the warrant did direct his arrest, in view of Criminal Code of Practice, section 124.

2. Intoxicating Liquors—Magistrate is Judge of Whether Affidavit for Search Warrant that of Reputable Citizen.—A magistrate issuing a search warrant under Rash-Gullion Act, section 14, is the judge of whether the affiant is a reputable citizen.

M. E. GILBERT for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

This prosecution originated by warrant issued by the judge of the police court of the city of Paducah. The warrant in part reads:

"COMMONWEALTH OF KENTUCKY
    City of Paducah.

"To the chief of police or any city policeman of the city of Paducah:

"It appearing from information given to me on oath by Chas. B. Whittemore that ———— has committed the offense of having in possession spirituous liquors, etc., and that he did in the city aforesaid, on the —*day of — 192—, unlawfully have in possession spirituous liquors, to-wit, white whiskey, for other than mechanical, medicinal, sacramental or scientific purposes within the Commonwealth of Kentucky. . . . "

Appellant Hardin's name was not mentioned in the accusatory part of the warrant. It did, however, direct his arrest, but no date was fixed in the warrant and there was no averment that the offense was committed within one year next before the issual of the warrant. Notwithstanding this defect appellant was found guilty in the police court and fined $100.00 and thirty days in the city jail. He appealed to the circuit court, where he was again tried, found guilty and his fine fixed at $300.00 and sixty days in the county jail. Before entering upon the trial in the circuit court appellant's counsel entered a general demurrer to the warrant, whereupon the attorney for the Commonwealth asked permission of the court to amend the warrant. This was granted, and the warrant amended by adding in the face thereof, these words: "August 13, 1923, and within one year before said date," whereupon the court overruled the demurrer to the warrant. Notwithstanding the insufficiency of the warrant was raised, and notwithstanding the further fact that the appellant's name was not in the accusatory part of the warrant on the line left for that purpose, no effort was made to amend the warrant in this respect. Our Criminal Code, section 124, provides that an indictment must

be direct and certain as regards (1) the party charged, (2) the offense charged, etc.

Obviously the warrant under consideration did not measure up to the requirements of this section, for the party charged was neither direct nor certain. No person is accused by the warrant. There is a blank where the name of the accused should have been inserted. While we have frequently held that a warrant in a misdemeanor case need not conform to strict rules of pleading, we have never gone so far as to indicate that one may be tried upon a warrant which does not accuse him of a public offense. We have held, however, that the failure to set out the first or Christian name of the defendant will not vitiate the indictment (Commonwealth v. Ketcher, 3 Metc. 485), and that there was not a fatal variance where the indictment accused ''May White'' of the crime when the evidence showed it to be ''May Sharp,'' and that she went by both names. Robinson v. Commonwealth, 88 Ky. 386. The general rule is to allow an error in the name to be corrected at any time during the proceeding. Commonwealth v. Jenkins, 115 Ky. 62.

Inasmuch as the indictment did not accuse appellant of a public offense the demurrer should have been sustained.

It is next insisted by appellant that the search warrant issued by the police judge should have been quashed as invalid because issued upon the affidavit of a person whose reputation was not good. It is said in brief of counsel: ''If the law means anything as provided in chapter 33 of Acts of 1922, it means what it says and says what it means, when among other things it says a search warrant may be issued upon the affidavit of any reputable citizen.''

We have held in several cases, including Head v. Commonwealth, 199 Ky. 222, that you cannot go behind the affidavit upon which a search warrant is issued to investigate the truth of the statements it contains. The magistrate issuing the warrant is the judge of whether the affiant is a reputable citizen within the meaning of section 14 of the Rash-Gullion Act. The act provides: ''No search warrant as herein provided for shall be quashed if said search warrant and affidavit on which it is based are sufficient on the face thereof.'' There is no merit in appellant's second contention.

On a return of the case to the lower court the Commonwealth should be permitted to again amend the warrant so as to conform to the requirements of the Code, as indicated above.

Judgment reversed for new trial.