## White v. Commonwealth.

(Decided January 15, 1932.)

VERNON FAULKNER, C. A. NOBLE and D. G. BOLEYN for appellant.

J. W. CAMMACK, Attorney General, and BASIL P. COOPER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The grand jury of Perry county indicted the appellant, Allison White, in which he was accused of mule

stealing, the punishment for which is fixed in section 1195 of the 1930 Edition of Carroll's Kentucky Statutes, which reads: "If any person shall steal a horse, mule, jack or jennet, he shall be confined in the penitentiary not less than two nor more than ten years." At his trial thereunder, appellant was convicted, and punished by confinement in the penitentiary for two years, the minimum provided by the statute. The brief for appellant is devoted chiefly to the argument of two grounds for reversal, which are (1) that the verdict is not supported by the evidence, and (2) error of the court in overruling appellant's motion for a continuance because of absent witnesses; but inasmuch as another error to be hereinafter discussed requires a reversal of the judgment we will not elaborate those grounds in this opinion, but content ourselves with saying that we do not regard either of them as well taken.

The other ground is the propriety of the court's action in overruling the demurrer filed to the indictment, the descriptive part of which reads:

"The said defendant, Allison White, in the county of Perry on the 17 day of Sept. A. D. 1929, and before the finding of this indictment, did unlawfully, willfully, feloniously, steal a mule, the property of another, to-wit: George New, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky."

Section 1201c of our Statutes, supra, makes provision for the punishment of chicken stealing where the stolen fowls are of the value of $2 or more. In its entirety, it reads:

"If any person shall steal chickens, turkeys, ducks, or other fowls of the value of $2, or more, he shall be confined in the penitentiary not less than one nor more than five years."

It will be perceived that neither section 1195, providing the punishment for mule stealing, nor section 1201c, providing the punishment for the stealing of fowls, is definitive in their language, which is confined only to the punishment of the particular larceny referred to in them. The stealing of a mule, or of fowls, was and is an offense at common law, and, before the enactment of the statutes referred to, they were each punishable under that law.

Neither statute took away or added to any of the elements of larceny in the stealing of either species of property; and hence, the enactment of neither of them dispensed with any of the requirements of the common law to constitute a valid indictment for larceny; which is, that it must allege all of the elements necessary to constitute larceny. They are: A wrongful taking and carrying away of the property of another with a felonious intent to convert the property to the taker's own use, and to permanently deprive the owner of it, and that the taking was without the latter's consent. Roberson's New Kentucky Criminal Law and Procedure, sections 806 and 807.

In the case of Hudspeth v. Commonwealth, 195 Ky. 4, 241 S. W. 71, the appellant was indicted and convicted of the crime of chicken stealing, the punishment for which is contained in section 1201c, supra, but the indictment did not allege that the taking of the chickens by the accused was done with the intention to permanently deprive the owner thereof; nor was it alleged that the taking was without the owner's consent, and the opinion written by Chief Justice Hurt held that it was defective. That case was followed by that of Gray v. Commonwealth, 195 Ky. 307, 242 S. W. 8, in which an indictment for the same offense was involved and it omitted one or more of the necessary elements of larceny, and the opinion approved the practice outlined in the Hudspeth Case. The Hudspeth opinion was again approved by this court in the case of Blackburn v. Commonwealth, 230 Ky. 603, 20 S. W. (2d) 441, with reference to the necessary allegations of an indictment for larceny, and in the still later case of Page v. Commonwealth, 235 Ky. 657, 32 S. W. (2d) 17, the same ruling was approved in this language:

"The indictment did not charge that the taking of the property in question was done against the will or without the consent of the owner. This court held this to be a fatal defect in the case of Hudspeth v. Commonwealth, 195 Ky. 4, 241 S. W. 71. Also in the case of Gray v. Commonwealth, 195 Ky. 307, 242 S. W. 8. We have carefully compared this indictment with the indictment in the case of Blackburn v. Commonwealth, 230 Ky. 603, 20 S. W. (2d) 441, and find that the language used is almost identical except as to the description of the property. We are of opinion that the indictment is fatally defective, and,

under the authorities above quoted, did not state a public offense."

None of those opinions of this court referred to the case of McBride v. Commonwealth, 13 Bush 337, which seems to have held to the contrary with reference to an indictment for an offense denounced by the same statute as the one involved in this case; but the four recent opinions of this court, above referred to, have committed it to the doctrine of the Hudspeth Case, and we conclude that a due regard for the stability and certainty of the law with reference to such matters requires an adherence to the more recent cases, supra, although there is very persuasive argument in support of a contrary holding. The law under which one may be accused and tried for a crime should be fixed and uniform, in such a manner and fashion and with such permanency as to be known and understood by the courts and the members of the profession. Therefore courts of last resort should not vacillate in their determinations so as to change it in the absence of impelling legal reasons. We therefore conclude for the reasons stated, that the indictment herein should have averred that the taking by appellant of the mule which he is accused of stealing was done against the will and consent of the owner, and with the intent to permanently deprive him of his property, and with the intent on the part of appellant to convert it to his own use, none of which averments are contained in it.

Wherefore the judgment is reversed, with directions to sustain the motion for a new trial, and for proceedings consistent herewith.