## Elkins v. Commonwealth.

(Decided Oct. 7, 1932.)

LEEBURN ALLEN for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Reversing.

The appellant, John Elkins, was indicted and convicted of the offense of giving away intoxicating liquors for purposes other than medicinal, sacramental, scientific, or mechanical. See section 2554a-1, Kentucky Statutes. He was fined $100 and sentenced to serve 30 days in jail. He appeals.

There were but two witnesses, Jerry Banks for the commonwealth and the defendant for himself. Their testimony, as set out in narrative form in the bill of exceptions, reads:

"My name is Jerry Banks. I know John Elkins. I saw him one night about 9 o'clock on the Hunting Fork of Holly and he had some liquor. I saw it and he gave me a drink of it. I never told anybody about it. I think it was June—yes—1931. I was before the grand jury in September, 1931.

This happened in Wolfe county, Kentucky. * * * I am not mad at Elkins. This happened in the year of June or in the year of September, I think it was. It was dark when he had the liquor. We had left Mr. Elkins' house. We were out in the road. No, the moon was not shining. It was white liquor."

"I am John Elkins. I did not have any liquor or anything intoxicating in my possession at the time alleged by the witness Jerry Banks. I did not give him a drink of liquor and I did not have any white whisky or any other kind of liquor in a bottle. * * * No, I was not drunk and I had not drank anything intoxicating. Jerry Banks was not at the home of my father during June when I was there and I was not out in the road with him."

The case being submitted to the jury on this testimony, they retired to confer, and after a while reported to the court that they could not agree; whereupon, as the bill of exceptions shows, the court said: "Gentlemen, you must make a verdict. I don't aim to stand for a hung jury. Go back in there and make a verdict." The jury again retired, and during their conference, the defendant for the first time discovered, as the bill of exceptions sets out, that he could prove by two witnesses who were then in the courtroom that the prosecuting witness, Jerry Banks, had stated to them and in their presence that (to quote from the bill of exceptions): "He indicted John Elkins because Courtney Patton told him that he would give him a dollar if he would indict him; that John Elkins did not have any liquor and that he indicted him to get the dollar and that after he indicted him Courtney would not pay him the dollar." The defendant moved the court to recall the jury, to be permitted to put the witness Jerry Banks back on the witness stand for the purpose of interrogating him about this matter and, in the event he denied it, to be permitted to put the two witnesses mentioned on the stand to give their testimony for the purpose of impeaching Banks. The court overruled this motion of the defendant. Later the jury returned the verdict of guilty above mentioned. Elkins filed his motion and grounds for a new trial supported by the affidavits of the two witnesses mentioned, Chester Wadkins and Francis Wadkins, to the effect that Banks had

stated to them that he had indicted Elkins because Patton had told him that he would give him a dollar if he would indict Elkins, and that Elkins did not have any liquor on the occasion concerning which Banks had testified, and that he (Banks) had indicted Elkins simply to get the dollar. The motion for a new trial being overruled, judgment was entered, and this appeal results.

Several grounds are relied upon for reversal, but as we are of opinion that the court abused a sound discretion in refusing to recall the jury for the purpose of permitting the defendant to recall the witness Banks in order to interrogate him as to this Patton matter and, in the event he denied it, for the purpose of impeaching him, and that further after the verdict of guilty had been rendered, the court also abused a sound discretion in overruling the motion for a new trial based on this ground of the error in the court in refusing to allow the defendant to impeach Banks as stated, it will be unnecessary to consider the other grounds relied on for a reversal, since they are not likely to occur again. It will be noted that this was a close case. It was the testimony of the prosecuting witness against that of the defendant. That the case was close is indicated by the fact that the jury for a while hung and reported to the court it was unable to agree. In such state of case, it is obvious that any evidence which would tend to impeach either witness would have great weight with the jury. The party in whose favor such impeachment testimony ran was entitled to its benefit and to have the jury consider it in arriving at its verdict. The bill of exceptions shows that the defendant was not negligent in presenting this testimony, but promptly brought it to the attention of the court on its discovery. While it is true that a new trial will ordinarily not be granted solely on the ground of newly discovered evidence to impeach the witness of the successful party, yet there are many cases where it was held that, as under circumstances like those here present the impeachment of the witness, if believed by the jury, would probably have a controlling effect on its verdict, it was error for the court not to grant a new trial on the ground of newly discovered evidence that would impeach the witness. Hensley v. Commonwealth, 241 Ky. 367, 43 S. W. (2d) 996; Brewer v. Commonwealth, 228 Ky. 128, 14 S. W. (2d) 375, and cases therein cited.

So here, had the evidence of these Wadkins witnesses not been discovered until after the trial, it being shown that there was no lack of diligence in its prior discovery, it would have been the duty of the court under the circumstances of this case to have granted a new trial based on its discovery which, being true, certainly the court should have recalled the jury before it had rendered its verdict and permitted the appellant to introduce such evidence. His failure to do so was prejudicial error.

Judgment reversed for proceedings consistent with this opinion.