### Slusher et al. v. Commonwealth.

(Decided Feb. 5, 1937.)

ISAAC TURNER for appellants.

B. M. VINCENT, Attorney General, and ROSCOE VINCENT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

The appellants, Roy Slusher and Jim Gross, were indicted by the grand jury of Leslie county, Ky., for stealing a hog, charged to be of the value of more than $4, belonging to Alex Nantz, the punishment for which is fixed by section 1196, Baldwin's 1936 Revision of Carroll's Kentucky Statutes, which reads as follows:

"If any person shall steal a hog of the value of four dollars or more he shall be confined in the penitentiary not less than one nor more than five years."

Upon trial on this charge, the defendants were convicted and sentenced to confinement at hard labor in the penitentiary for one year.

Appellants appeal from this judgment, seeking its reversal upon the grounds: (1) that the indictment is insufficient; (2) that the verdict is flagrantly against the evidence; and (3) that the defendants were placed on trial without being ready.

Inasmuch as we have reached the conclusion that the first assignment of error here urged, that the indictment was insufficient and that the court erred in not sustaining appellants' demurrer to same, is meritorious and calls for a reversal of the judgment, we deem it needful to here only discuss and dispose of this question, without elaborating upon the other assignments of error presented.

The criticized indictment under consideration is as follows:

"The grand jury of Leslie county, in the name and by the authority of the Commonwealth of Kentucky, accuse Roy Slusher of the crime of stealing a hog of the value of more than four dollars, committed in the manner and form as follows, to-wit:

"The said defendants, Roy Slusher and Jim Gross, in the county of Leslie, on the 28th day of August, A. D. 1935, and before the finding of the indictment, did unlawfully, feloniously steal a hog belonging to and the property of Alex Nantz, and of the value of more than four dollars, contrary to the form of the Statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky."

Considering first the matter of the asserted insufficiency of the indictment with respect to appellant Jim Gross, it is to be noted that he is not mentioned nor named in the accusatory part of the indictment, but that same accuses the appellant Slusher alone of having committed this hog stealing offense.

Section 124, Criminal Code of Practice, provides that an indictment must be direct and certain as regards (1) the party charged, (2) the offense charged, etc. Clearly the indictment, having here failed to accuse appellant Jim Gross of committing the charged offense of hog stealing in its accusatory part, or to in anywise therein named him when charging his coappellant, Roy Slusher, alone with the commission of the offense, obviously did not measure up to the first requirement of this quoted section of the Code, to the effect that the indictment should be direct and certain as regards the party charged, in so far as it relates to Gross, in that it in nowise accused him of committing the offense charged in the indictment.

In the case of Hardin v. Commonwealth, 202 Ky. 670, 261 S. W. 21, the court there considered the sufficiency of a warrant (charging illegal possession of intoxicating liquors) which contained an unfilled blank, where the name of the accused should have been, but was not, inserted. It was there held that, by reason of such omission, or indefiniteness of the warrant as to the party accused of the offense, it violated the requirement of the Code provision in failing to be direct and certain as to the party charged, in that it did not accuse the appellant of any public offense and that the demurrer should have been sustained thereto, the court saying:

"While we have frequently held that a warrant in a misdemeanor case need not conform to

strict rules of pleading, we have never gone so far as to indicate that one may be tried upon a warrant which does not accuse him of a public offense. * * *

"Inasmuch as the indictment did not accuse appellant of a public offense, the demurrer should have been sustained."

Certainly, if such was there declared to be the rule with respect to a warrant, charging only a misdemeanor, its observance would here be more strongly required in the case of an indictment which likewise so defectively charges the commission of a felony offense.

Next considering the propriety of the court's action in overruling appellants' demurrers to the indictment with respect to its sufficiency with reference to appellant Roy Slusher, upon the ground that though it accuses him of the offense, it is defective and insufficient in its descriptive part, charging the circumstances and elements of the offense, which reads:

"The said defendants, Roy Slusher and Jim Gross, in the county of Leslie, * * * did unlawfully, feloniously, steal a hog belonging to and the property of Alex Nantz, and of the value of more than four dollars, contrary to the form of the Statutes in such cases made and provided. * * *"

Section 1196, Kentucky Statutes, under which the present indictment was drawn, is a special larceny statute, which raises the punishment provided for stealing a hog, of the value of $4 or over, from a misdemeanor to the gravity of a felony and is one of several like special statutory larcenies which, as stated in Gregory's Kentucky Criminal Law, sec. 332, the Legislature has seen fit to enact by reason of the difficulty of adequately protecting these several forms or kinds of property, to which they relate, from theft and by which, to such end, the punishment therefor is made more severe than obtains in the case of ordinary larcenies.

The indictment, here attacked by appellant Slusher as fatally defective as to him in its descriptive part, it is to be noted goes no further than to state that the appellants "did unlawfully, feloniously steal a hog belonging to and the property of Alex Nantz, and of the value of more than four dollars, contrary to the form of the Statutes." This indictment so drawn under this

special larceny statute, section 1196, thus treats the statute, providing a felony punishment for stealing a hog of the value of $4 or more, as dispensing with the common-law requirements of a larceny indictment, which we have held must, to properly set out this common-law offense, allege all the elements necessary to constitute larceny.

It is here argued that, as the offense with which appellant is accused is a special statutory offense, the indictment drawn in the language of the statute is sufficient, where one is indicted for such offense, and that the statute does not require, to constitute a violation of its provisions, that the property should be taken from the possession of the owner and converted without his consent, and that it is unnecessary to charge the want of consent of the owner to the taking in the indictment.

This exact question, here so urged in support of this indictment, was likewise presented, and also otherwise determined, in the well-considered case of Hudspeth v. Commonwealth, 195 Ky. 4, 241 S. W. 71, 72, where the court adversely answering such argument there raised upon an indictment presented under section 1201c, Kentucky Statutes (another of these special statutory larcenies), which makes the stealing or larceny of chickens of the value of $2 or more punishable as a felony, said:

> "The principle contended for as a general rule is sound, and is applicable *wherever an offense is created by a statute, which also sets out and defines the elements necessary to constitute the offense, but, if a statute merely prescribes a punishment for an offense at the common law, the indictment must charge all the facts necessary to constitute the offense as defined by the common law.* Mitchell v. Commonwealth, 88 Ky. 349, 11 S. W. 209, 10 Ky. Law Rep. 910. Furthermore, in an indictment for a statutory offense, if by following the language of the statute every fact necessary to constitute the offense is charged or necessarily implied from the language used, the indictment will be sufficient, but, if by following the language of the statute the above stated aim is not attained, the indictment is not sufficient. * * *
>
> "It will be observed that section 1201c, supra,.

*does not create a new offense; it merely prescribes a punishment* for an already existing offense. *It only raises what had theretofore been a misdemeanor to a felony. It does not prescribe what facts must exist to constitute the felony,* except that the fowls must be of the value of $2 or more, *and it does not define the necessary elements which must exist to constitute a stealing."* (Italics ours.)

The same observations are here applicable and may be made to the like special statutory larceny offense here charged for which a felony punishment is provided by section 1196, Kentucky Statutes, which likewise "does not prescribe what facts must exist to constitute the felony," except that the hog must be "of the value of $4 or more," and does not define the necessary elements which must exist to constitute a stealing, but merely prescribes that the offense is punishable as a larceny, by confinement in the penitentiary for a period of one to five years.

And further upon this point it was said in the Hudspeth Case, supra:

"It will be observed that each of these statutes [referred to supra] denounces a punishment for larceny, and the words 'if any person shall steal,' etc., as in sections 1195, 1196, and 1201c, is used as synonymous with the term 'larceny,' and imports a larceny at common law, and must necessarily mean that the elements which go to make up a larceny must exist to constitute the offense of stealing chickens, or a hog of the value of more than $4, or of a horse, mule, etc., because to steal is to commit a larceny. * * * In the case of Stephens v. Commonwealth, 164 Ky. 265, 175 S. W. 353, the offense denounced by section 1196, supra, was treated as common-law larceny, the court therein holding that, if the evidence was contradictory as to the value of the hog, the jury should be instructed as to the punishment of a petit larceny, as applying to it."

Under the principle of this case, it follows that an indictment for this special statutory crime of stealing a hog of the value of $4 or more, as denounced by section 1196, Kentucky Statutes, should charge all the facts necessary to constitute a common-law larceny and that

"to commit a larceny the acts otherwise constituting it must be done against the will or without the consent of the owner, and a failure to charge such fact in the indictment is a failure to be direct and certain as to the particular circumstances of the offense charged, where they are necessary to constitute the complete offense, as required by section 124 of the Criminal Code."

This same question has been several times again before us, wherein the principle and holding of the Hudspeth Case have been quoted with approval and followed, as was done in the late case of White v. Commonwealth, 242 Ky. 43, 45 S. W. (2d) 491, 492, wherein the court, after first reciting that the decision in the Hudspeth Case had since been repeatedly approved, quotes to such effect from the case of Page v. Commonwealth, 235 Ky. 657, 32 S. W. (2d) 17, this language:

"The indictment did not charge that the taking of the property in question was done against the will or without the consent of the owner. This court held this to be a fatal defect in the case of Hudspeth v. Commonwealth, 195 Ky. 4, 241 S. W .71. Also in the case of Gray v. Commonwealth, 195 Ky. 307, 242 S. W. 8. We have carefully compared this indictment with the indictment in the case of Blackburn v. Commonwealth, 230 Ky. 603, 20 S. W. [2d] 441, and find that the language used is almost identical except as to the description of the property. We are of opinion that the indictment is fatally defective, and, under the authorities above quoted, did not state a public offense."

Further in the White Case, supra, was it said:

"It will be perceived that neither section 1195, providing the punishment for mule stealing, nor section 1201c, providing the punishment for the stealing of fowls, is definitive in their language, which is confined only to the punishment of the particular larceny referred to in them. The stealing of a mule, or of fowls, was and is an offense at common law, and, before the enactment of the statutes referred to, they were each punishable under that law. Neither statute took away or added to any of the elements of larceny in the stealing of either species of property; and hence, the enactment of neither of them dispensed with any of the require-

ments of the common law to constitute a valid indictment for larceny; which is, that it must allege all of the elements necessary to constitute larceny. They are: A wrongful taking and carrying away of the property of another with a felonious intent to convert the property to the taker's own use, and to permanently deprive the owner of it, and that the taking was without the latter's consent. Roberson's New Kentucky Criminal Law and Procedure, sections 806 and 807.''

We are, therefore, here as there led to ''conclude, for the reasons stated, that the indictment herein should have averred that the taking by appellant of the mule [here a hog] which he is accused of stealing was done against the will and consent of the owner, and with the intent to permanently deprive him of his property, and with the intent on the part of appellant to convert it to his own use, none of which averments are contained in it.''

The indictment being here likewise so defective because of such omission in its descriptive part in dispensing with the common-law requirements of a larceny indictment with respect to appellant Roy Slusher, whom it accuses of this offense, and being also equally defective in both its descriptive part for the reasons above stated and its accusatory part with respect to the appellant Jim Gross, in therein failing to name or accuse Gross of the hog stealing offense, the judgment must be reversed and cause remanded, with directions to set it aside and sustain the demurrer to the indictment and for further proceedings consistent with this opinion.

Whole court sitting.