## McGREGOR v. COMMONWEALTH.

Court of Appeals of Kentucky.
Dec. 19, 1952.

Moore & Morrow, Madisonville, for appellant.

J. D. Buckman, Jr., Atty. Gen., for appellee.

DUNCAN, Justice.

The appellant was convicted on a charge of false swearing and his punishment fixed at confinement in the State Penitentiary for a term of two years.

The alleged false statements were contained in an affidavit for continuance filed by appellant in connection with an indictment pending against him in the Hopkins Circuit Court upon a charge of malicious shooting at without wounding. The affidavit, in the usual form, stated that an absent witness, Emmett Morgan, if present, would state in substance that he was present at the time of the alleged shooting and that affiant was merely shooting at a target.

Upon a trial of the instant case, Morgan denied that he was present on the occasion mentioned in the affidavit and denied that he had informed appellant that he would testify as set out therein. The witness

stated that at the time of the shooting he was employed at a mine some six miles away. Bailey Alexander, the prosecuting witness in the shooting case, corroborated Morgan as to his absence from the scene of the original difficulty. Appellant testified that Morgan had informed him of the facts set out in the affidavit and that it was filed in reliance on that information. He was corroborated by a witness who claimed to have heard Morgan relate these facts to appellant.

Among other grounds, appellant relies upon that of newly discovered evidence. This evidence consists of an affidavit of Burl Oldham, a police officer in Dawson Springs. This affiant states that prior to the trial he had a conversation with Bailey Alexander in which Alexander informed the witness that Emmett Morgan actually was present at the time of the shooting but had been persuaded to deny that fact. The affidavit affirmatively shows that the witness did not inform appellant of this conversation until after the trial.

We recognize the general rule to be that a new trial will not be granted for newly discovered evidence which is only impeaching in its nature. But the rule should be cautiously applied and when the discovered evidence is of such compelling weight that it probably would have induced the jury to reach a different verdict, a new trial will be granted. Tyree v. Commonwealth, 160 Ky. 706, 170 S.W. 33; Hensley v. Commonwealth, 241 Ky. 367, 43 S.W.2d 996.

In this case, the affidavit of Oldham, in addition to impeaching the testimony of Alexander, indicates a conspiracy on the part of Alexander and others to procure appellant's conviction by the means of false testimony. We think the evidence was of sufficient importance to justify a new trial.

In view of the disposition which we have made of the case, it will not be necessary to discuss other points raised by appellant.

The judgment is reversed.