**John RICE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 22, 1957.

Tackett & Tackett, Prestonsburg, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Appellant was convicted of stealing a public document as denounced by KRS 432.-130, and was sentenced to prison for a term of two years.

Since appellant insists that the elements necessary to constitute the crime have not been proven, we will review the evidence

---

---

which is pertinent to a proper disposition of this contention.

During the night of July 21, 1955, a search warrant was issued by a justice of the peace of Johnson County authorizing a search of a certain automobile owned by the appellant. The warrant was delivered to the sheriff of Johnson County. Upon arrival at appellant's home, the sheriff informed the appellant of the warrant, and when the officer attempted to read the warrant, appellant demanded that he be allowed to read the warrant for himself. The sheriff consented, and after appellant had read it, he informed the officer that his car was parked across the street. They proceeded to appellant's car with appellant in possession of the warrant. Appellant entered his car, and while the sheriff was walking around the car to enter it through the right front door, appellant drove off with the warrant. The officer waited several hours for appellant to return, but appellant successfully evaded apprehension that night. However, appellant returned the warrant to the justice of the peace the following day.

 Section 432.130 of our statutes makes it an offense to "steal any part of any record of any court," but does not otherwise define the crime. While this statute makes a public document, such as the one appellant is accused of stealing, the subject of larceny, yet a conviction under the statute cannot be sustained, unless the proof establishes all elements of larceny as defined by the common law. Head v. Commonwealth, 211 Ky. 41, 276 S.W. 1061; Sullivan v. Commonwealth, 170 Ky. 802, 186 S.W. 906.

 Generally speaking, and in the absence of statutory modifications, it is essential to every larceny that there be a simultaneous combination of an unlawful taking, and asportation, and a felonious intent. See, 32 Am.Jur., Larceny, Section 10; Roberson's Ky.Cr.Law., Sections 806 and 807. Furthermore, this Court has held that if the owner of property (or his agent) is induced to part with the mere possession of his property by trick or fraud, the taker at the time having an intention to wrongfully appropriate the property to his own use, the taking by such means is larceny. Hudspeth v. Commonwealth, 195 Ky. 4, 241 S.W. 71; Trotter v. Commonwealth, 169 Ky. 551, 184 S.W. 871, L.R.A.1916E, 768; Roberson's Ky.Cr.Law, Section 821.

 We have concluded that the proof in the instant case was sufficient to take the case to the jury and to sustain the verdict. The fact that appellant later returned the warrant to the court does not preclude the jury from finding that appellant intended to convert the warrant to his own use when he took it from the sheriff. The instructions adequately protected the appellant's rights on all phases of the case.

Judgment affirmed.