**David Eugene ROBERTS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 17, 1958.

R. H. Cannon, Leitchfield, for appellant.

Jo M. Ferguson, Atty. Gen., Robert F. Matthews, Jr., Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

David Eugene Roberts received a sentence of one year's confinement following his conviction for grand larceny. He insists that: (1) A continuance should have been granted; (2) the evidence is insufficient to sustain the verdict; and (3) a new trial should have been granted because of newly discovered evidence.

Appellant was indicted in the Warren Circuit Court at its September 1957 term. He was charged with the stealing of an automobile owned by Bob Hardy, Jr. When the case was called for trial at the January 1958 term of the court, he moved for a continuance because his attorney had been misled by an erroneous copy of the indictment.

The attorney representing appellant lived at Leitchfield. On December 12, 1957, he wrote the clerk of the Warren Circuit

Court for a copy of the indictment against appellant. The attested copy received by the attorney did not contain the name of the appellant in the descriptive part. Relying on the copy, the attorney prepared his case on the theory that the indictment was defective. The original indictment contained the name and was properly drawn, as appellant's attorney discovered on the day of trial.

The trial court overruled appellant's motion for a continuance. The duty of an attorney to be fully advised as to the charge against his client is fundamental. It is the primary step in the preparation of a defense. When the attorney received the faulty copy of the indictment and discovered the defect, he, in caution and good practice, should have rechecked the indictment before placing the whole reliance of his defense thereon. True it is that the error originated in the clerk's office, but there was ample time for the attorney to have made sure that the true indictment contained the same alleged defect. The request for the copy was made about thirty days prior to the trial. The denial of continuance was not a clear abuse of discretion affecting the defendant's substantial rights. Knuckles v. Commonwealth, Ky., 261 S.W.2d 667; Sanders v. Commonwealth, Ky., 269 S.W.2d 208.

Appellant contends that the evidence is insufficient to sustain the verdict because the owner of the property did not state that the taking was against his will and without his consent. The owner of the property was not asked and did not make such a statement. The rule was stated in Lanham v. Commonwealth, 250 Ky. 500, 63 S.W.2d 585, 587, to be:

"Proof of nonconsent of the taking is a necessary element to constitute the offense, but this does not mean that the owner of the property must state in exact language that it was taken without his consent. Nonconsent, like any other fact, may be proven by cir-

cumstances and the evidence as a whole."

See also Rice v. Commonwealth, Ky., 300 S.W.2d 238.

The testimony for the prosecution shows that the owner parked his car outside the Moose Lodge in Warren County between 9 and 10 p. m. Some few minutes later when he returned, the car was missing. It was found the next day on a "little back road" about two miles out of Brownsville in Edmonson County. The tires, wheels, radio, antenna, and side view mirrors had been removed from the car.

Two tires and wheels were identified at the trial by the owner as having been taken from his car. These tires and wheels had been found hidden on property belonging to appellant's father-in-law, where appellant had been staying. The evidence concerning the circumstances of the taking of the property is sufficient to establish that the taking was without the consent and against the will of the owner. Effie Vincent testified that she saw appellant and one John Taylor placing the tires and wheels under a tarpaulin at the place where they had been found. The proof was sufficient to establish the elements of larceny and to sustain the verdict. White v. Commonwealth, 242 Ky. 43, 45 S.W.2d 491; Rice v. Commonwealth, Ky., 300 S.W.2d 238.

John Taylor, jointly charged with appellant, refused to testify for the prosecution although he previously had been convicted under the same indictment. There is no merit in the contention of appellant concerning John Taylor as an accomplice.

With his motion and grounds for a new trial, appellant set forth purported newly discovered testimony of a contradictory and impeaching nature. Such evidence is insufficient to authorize the granting of a new trial unless it is of such materiality as would probably have resulted in a different verdict. McGregor v. Com-

monwealth, Ky., 253 S.W.2d 624; Tinsley v. Commonwealth, Ky., 273 S.W.2d 364. The newly discovered evidence tends to contradict Effie Vincent on collateral matters and is not considered of sufficient materiality as would probably change the result on another trial. The motion was properly overruled.

Judgment is affirmed.