STATE, Appellant v. RUDE et al., Respondent

(162 N.W.2d 884)

(File No. 10543. Opinion filed November 25, 1968)

**Frank L. Farrar,** Atty. Gen., **Horace R. Jackson,** Spec. Asst. Atty. Gen., Pierre, for plaintiff and appellant.

**Gene E. Pruitt** and **Acie W. Matthews,** Sioux Falls, for defendant and respondent.

HANSON, Presiding Judge.

This criminal prosecution was commenced by the filing of an indictment in Minnehaha County on November 22, 1965, charging the defendant, Vernon H. Rude, and five other persons with the crime of embezzlement. A plea of not guilty was entered and defendant was found guilty of every count alleged in the indictment. Judgment and sentence were entered on November 28, 1967. Thereafter, the trial court granted defendant's motion to vacate the judgment and on December 28, 1967 entered its order vacating and setting aside the verdict, judgment and sentence against the defendant, Vernon H. Rude, because his name did not appear in the body or charging part of the indictment. The state has appealed.

As this appeal is concerned entirely with the form and content of the indictment it is set forth in full:

552

"STATE OF SOUTH DAKOTA ⎫    IN CIRCUIT COURT
⎬ SS
COUNTY OF MINNEHAHA ⎭    SECOND JUDICIAL COURT

| | |
|---|---|
| STATE OF SOUTH DAKOTA<br>Plaintiff<br>vs.<br>LESTER W. FLAKE, CHAN DUNCAN, ADOLPH PRE-HEIM, VERNON H. RUDE, IVIL LOOKABILL, and JOHN E. NELSON, Conjointly,<br>Defendants | Cr. 65—142<br><br>INDICTMENT FOR VIOLATING SECTION 13.4003 of the SOUTH DAKOTA CODE OF 1939. |

"The Grand Jury of the County of Minnehaha, State of South Dakota, duly selected, empaneled, sworn and charged to investigate alleged public offenses in certain corporations in Minnehaha County, aforesaid, upon their oath present:

"That Lester W. Flake, Chan Duncan, Adolph Pre-heim, Ivil Lookabill, and John E. Nelson, conjointly, in said Minnehaha County, State of South Dakota, on or about the times hereinafter set forth, then and there did wilfully, unlawfully, feloniously and fraudulently appropriate and convert to a use not in the due and lawful execution of their trust, as hereinafter set forth, certain personal property, to wit: good and lawful money of the United States, in amounts as hereinafter set forth, and which said personal property was then and there owned by and the property of Commonwealth Investment Corporation, a corporation organized and existing according to the laws of the State of South Dakota, of Sioux Falls, South Dakota, by causing disbursements to be made from the assets of the said Commonwealth Investment Corporation to Tri-State Thermo Panel

Inc., a corporation organized and existing according to the laws of the State of South Dakota, of Sioux Falls, South Dakota, and all of which said defendants were at all times as hereinafter set forth stockholders of the said Tri-State Thermo Panel, Inc., and as a group did own a substantial amount of the stock of the said Tri-State Thermo Panel, Inc., and the defendants, by virtue of their offices as directors of the said Commonwealth Investment Corporation, did jointly enter into and did jointly and intentionally pursue a course of conduct that was designed to and did appropriate personal property from the said Commonwealth Investment Corporation, as follows:

## COUNT 1

On the seventeenth day of March, 1964, in the amount of $5,000.00.

## COUNT 2

On the twenty-fifth day of March, 1964, in the amount of $5,000.00.

## COUNT 3

On the thirtieth day of March, 1964, in the amount of $5,000.00.

## COUNT 4

On the sixteenth day of April, 1964, in the amount of $5,000.00.

## COUNT 5

On the seventh day of May, 1964, in the amount of $6,000.00.

Said appropriations were by the defendants made to appear as though they were loans made in the normal

554

course of business from Commonwealth Investment Corporation to Tri-State Thermo Panel, Inc., but in fact were appropriations to the defendants themselves, the defendants being at all times substantial stockholders of the said Tri-State Thermo Panel, Inc., and the said defendants being at said time each a director of the said Commonwealth Investment Corporation, and a stockholder thereof, contrary to Section 11.0805 of the South Dakota Code of 1939, and the said personal property then and there and at said times, was in the possession and under the custody and control of the Defendants by reason of their employment as directors of Commonwealth Investment Corporation, and in virtue of their trust as such directors, the said defendants did then and there and by said means conjointly commit the crime of embezzlement, contrary to the form of the statute, in such case made and provided, to wit, Section 13.4003 of the South Dakota Code of 1939 and against the peace and dignity of the State of South Dakota.

Dated this **19th** day of **November,** 1965. Endorsed: '**A true Bill'** this **19th** day of **November,** 1965.

> Herbert A. Mikkelson
> Foreman of the Grand Jury in and
> for Minnehaha County, South Dakota"

,Although defendant Rude's name appears in the title or caption of the indictment it is not repeated in the body or charging portion along with the names of the other conjointly charged defendants. The omission is not satisfactorily explained, but it is needless to speculate on whether or not it was inadvertent or intentional. The question is whether or not it constitutes a jurisdictional defect or is merely a defect in form not tending to prejudice the substantial rights of the defendant on the merits. If jurisdictional, the defect was not waived by a plea of not guilty or by defendant's failure to assert the same by motion, demurrer, or by objection to reception of evidence at the trial.

SDC 1960 Supp. 34.3515 expressly allows an objection to the jurisdiction of the court over the subject of the indictment or "that it does not describe a public offense" to be taken at the trial under a plea of not guilty and in arrest of judgment.

With reference to the requisites, form, and sufficiency of indictments and informations our statutes pertinently provide as follows:

> "The indictment or information shall contain the title of the action, the name of the court in which it is presented or filed, and the names of the parties". SDC 1960 Supp. 34.3007.

> "The indictment or information must be direct and certain as it regards:

> (1)   The party charged;

> (2)   The offense charged;

> (3)   The name of the thing or person upon or against whom the offense was committed." SDC 1960 Supp. 34.3008.

> "The indictment or information is sufficient if it can be understood therefrom:

> (3)   That the defendant is named   *   *.

> (6)   That the offense charged is designated in such a manner as to enable a person of common understanding to know what is intended". SDC 1960 Supp. 34.3010.

■   As the trial court reasoned, defendant Rude's name does not appear anywhere in the body of the indictment. All reference to "defendants" or "said defendants" can only logically be construed to apply and refer to the defendants named in the charging portion of the indictment rather than its title. For the same reason the multiple defendant indictment cannot be compared to single defendant information and indictments such

as the one involved in State v. Hurley, Mo., 251 S.W.2d 617, where the single defendant is named and designated in the caption as "defendant" and the charge clearly and certainly refers to him as "the defendant".

■   The constitutional right of an accused to demand and be informed of the nature and cause of the accusation against him requires every essential element of the crime to be clearly and certainly charged.   This requires that "the indictment or information must describe accused in such a direct and certain manner as to identify him as the person charged, and if accused's name does not appear in the indictment or information, particularly in the part which charges the offense, the charge is fatally defective."   42 C.J.S. Indictments and Informations § 127, p. 1015.   See also 27 Am.Jur., Indictments and Informations, § 79, p. 641;   Vol. 4 Wharton's Criminal Law and Procedure, § 1780, p. 592;   Culpepper v. State, 173 Ga. 799, 161 S.E. 623, 79 A.L.R. 217;   Slusher v. Commonwealth, 267 Ky. 140, 101 S.W.2d 663;   Chow Bing Kew v. United States, 9 Cir., 248 F.2d 466; State v. Finch, 218 N.C. 511, 11 S.E.2d 547;   and King v. State, 55 Tex.Cr.R. 146, 115 S.W. 585.   Any expression of opinion in State v. Fullerton Lumber Co., 35 S.D. 410, 152 N.W. 708, to the contrary is hereby overruled.

■ ■   The state's failure to allege Rude's name in the body of the indictment, or to identify him with reasonable certainty as one of the defendants therein by reference or otherwise, constitutes a jurisdictional defect.   Although the defect appears on the face of the indictment, it was not waived by a plea of not guilty and could be asserted by him in arrest of judgment according to the permissive provisions of SDC 1960 Supp. 34.3515 because the indictment failed to describe or charge a public offense against him.

Affirmed.

ROBERTS and HOMEYER, JJ., concur.

BIEGELMEIER and RENTTO, JJ., dissent.

BIEGELMEIER, Judge (dissenting).

In State v. Fullerton Lumber Co., 1915, 35 S.D. 410, 152 N.W. 708, three corporations and several individual defendants were named as such in the title as Rude is named defendant in the present case; defendant Jordan's name was omitted in the charging part of the indictment as defendant Rude in this action; later in the indictment Jordan's name appears only to name him as one of the agents and employees of the Fullerton Lumber Company.

> In Fullerton, as the court opinion states, "the name of James Jordan was omitted from one place in the body of the indictment (the charging part) where the other defendants are named, although his name appears as a defendant in the title of the cause, and also at another place in the body of the indictment. Because of these omissions, these two defendants objected to the trial proceeding as against them, and now contend that they are not included as defendants in the case, that it cannot be said, from the indictment, that the grand jury intended to make them parties to the action, and that, as to them, such omissions are fatal to the indictment."

It will be seen therefore that defendant Jordon in Fullerton raised an objection at the trial that was not raised in the present appeal. Nevertheless, this court held that under code sections there cited and quoted and presently the same that the "defects complained of appear upon the face of the indictment, and, the defendants not having demurred thereto, they were precluded from raising the question at the trial" or on appeal. In addition to the code provisions cited in the majority opinion see also SDC 1960 Supp. 34.3514 as to grounds of demurrer and SDC 1960 Supp. 34.3677, functions of motion in arrest of judgment.

We should follow not depart from or overrule the law announced in the Fullerton opinion which does not permit a defendant, as here, to sit back for nearly two years from indictment to trial and, after conviction by a jury of all five counts in the indictment, then raise objection at so late a time. The statutes and constitutional provisions therein involved being the

same as those today, I believe our decision should be the same. It was sound law when written and remains sound now. Therefore, I am compelled to dissent.

I am authorized to state that RENTTO, J., joins in this dissent.