## Franklin v. Commonwealth.

June 10, 1947.

H. F. S. Bailey, Judge.

C. H. Wilson for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The grand jury of Crittenden County returned an indictment against Lawson Franklin charging him with the crime of willful murder. The crime was committed in May, 1946, and the indictment was returned on June 26, 1946. When the case was called for trial at the November, 1946, term of the Crittenden Circuit Court only two members of the regular jury panel qualified. All of the others had formed and expressed an opinion. By agreement the sheriff was directed to go to an adjoining county and summon fifty citizens for jury service. In the meantime the accused agreed to enter a

plea of guilty, and the Commonwealth's Attorney and County Attorney agreed to reduce the charge to voluntary manslaughter and to recommend to the jury that it fix his punishment at confinement in the penitentiary for a term of five years and then to recommend to the court that the sentence be probated. This agreement was carried out to the letter. The charge was reduced to manslaughter, the accused entered a plea of guilty, and the jury fixed his punishment at confinement in the penitentiary for a term of five years in accordance with the recommendation of the Commonwealth's Attorney and the County Attorney. The accused then filed a petition for probation, and prayed that the sentence of confinement for five years in the state penitentiary for voluntary manslaughter be postponed and not imposed, and that he be probated. The Commonwealth's Attorney and the County Attorney recommended that the accused's petition be granted, and that he be placed on probation. The court, pursuant to KRS 439.030, directed the probation officer to investigate and report in writing the circumstances of the offense, the criminal record, social history, and present condition of the defendant. The probation officer made an extensive written report which was unfavorable to probation. The court overruled the defendant's motion for probation, and entered judgment sentencing him to confinement in the state penitentiary for a period of five years. The defendant objected and excepted and prayed an appeal to the Court of Appeals which was granted. He executed an appeal bond which the court fixed at $2,500. Thereafter he filed a motion and grounds for a new trial and a motion to set aside the verdict of the jury, the judgment and the plea of guilty. Both motions were overruled. The sole contention on this appeal is that the accused was overreached and misled since he had reason to believe, because of the agreement with the attorneys for the Commonwealth, that the court would grant his petition for probation and that the court, after refusing to place him on probation, erred in overruling his motion for a new trial.

The appellant and his counsel knew when they entered into the agreement that probation was a matter wholly within the court's discretion. The court was not apprised of the agreement, and knew nothing concerning

it until the petition for probation was filed. KRS 439.-020 provides that except in cases where punishment is life imprisonment or death, circuit courts may postpone the entering of judgment and the sentencing of defendant and place the defendant on probation. The statute makes the granting of probation discretionary with the circuit judge. Lovelace v. Commonwealth, 285 Ky. 326, 147 S. W. 2d 1029; Darden v. Commonwealth, 277 Ky. 75, 125 S. W. 2d 1031. We find nothing in the record to sustain appellant's claim that he was overreached or misled. The Commonwealth's Attorney and the County Attorney meticulously carried out their parts 'of the agreement. They reduced the charge to voluntary manslaughter, recommended to the jury that the punishment be fixed at confinement in the penitentiary for a period of five years, and recommended to the court that sentence be suspended and that appellant be placed on probation. This was all they were required to do under the agreement. Appellant and his counsel had no right to assume that the court would grant probation. Appellant elected to enter a plea of guilty with full knowledge of the probable consequences, and in the absence of any showing that the plea was made under circumstances of fear, deceit or coercion he was not entitled to withdraw his plea of guilty after the court had exercised its discretion and announced its decision on the motion for probation, and especially so after sentence had been pronounced. Criminal Code of Practice, section 174; Clift v. Commonwealth, 268 Ky. 573, 105 S. W. 2d 557; Kidd v. Commonwealth, 255 Ky. 498, 74 S. W. 2d 944.

The judgment is affirmed.