## Harms v. Commonwealth.

January 18, 1949.

Rehearing denied April 22, 1949.

Rodney Haggard and Thomas A. Waller for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Tried upon an indictment charging him with the statutory offense of carrying concealed on or about his person a deadly weapon, KRS 435.230, appellant was given the minimum sentence of two years confinement in the Reformatory.

While some six or more grounds for new trial were set up, on appeal it is contended in brief for appellant that he is entitled to a reversal because of the following alleged errors; (1) In the admission of incompetent evidence over objections; (2) In overruling appellant's motion for directed verdict at the close of the Commonwealth's proof; (3) In overruling appellant's motion to suspend judgment and place him on probation.

Briefly the proof adduced by the Commonwealth is that appellant operates a restaurant in Winchester. One Sunday morning in October 1947 a complaint was made to the Chief of Police that there was noise in the restaurant, chiefly caused by the playing of a victrola. The Chief went to the restaurant; had a conversation with appellant's wife, returned to the Station and held a phone conversation with appellant, who had called him up protesting against the stopping of the playing of the victrola, and assuring him that it was now running and suggesting that he, the Chief, come up and stop it. At this point the Chief obtained a warrant of arrest, and returned to the restaurant. The proprietor let him in and after reading the warrant to appellant, he placed him under arrest. The officer said, ''I told him he would have to go with me; I put my hand in his right front pocket and took a pistol off him.'' He said he did not, or could not see the weapon before it was taken from appellant's pocket. The policemen who accompanied the Chief testified to substantially the same facts. Appellant did not offer any proof.

We shall dispose of ground (3) first. The record

shows that nothing was done in respect of probation other than a motion made to withhold sentence and place appellant on probation, and that the motion was overruled. The argument is that the legislature having granted the power to probate, it is the duty of the courts to exercise the power. Probation is purely a matter of discretion, and this court would not undertake to interfere unless it be shown that the court had abused that discretion.

The question as to incompetency of evidence following specific objections to some portions of it, was raised by appellant's motion to ''exclude from the jury all the evidence of the Commonwealth because the officer presented himself and forced the defendant to unlock the door to let him in, and because there was no warrant produced on this trial showing that he was arrested.

We fail to find evidence which would justify the conclusion that the police officer forced his way into the restaurant. The proof is that the officer who had then obtained a warrant (the sufficiency of which is not questioned) went to the restaurant, and appellant ''came and let me in, and I read the warrant and placed him under arrest.'' There being no question as to the validity of the ordinary warrant, nor request or suggestion that it be produced on the trial, there could be no error in failure to produce it. The warrant was in no sense a search warrant, and the search of appellant's person was made after the arrest had been made.

Appellant in brief has apparently confused the law with relation to evidence obtained under a search warrant, and that where the seizure was made after arrest under an unchallenged warrant of arrest. We say this because the cases cited by appellant in furtherance of his contention all relate to evidence obtained in instances where there was only a search warrant. One of the cited cases is Eaves v. Com., 241 Ky. 140, 43 S.W.2d 528; another Wilson v. Com., 228 Ky. 517, 15 S.W.2d 422, wherein we held, as in other cases, that where objection is made to a search of premises, the Commonwealth must produce the warrant, or satisfactorily account for the failure to produce it.

It is further argued that there was a failure of proof on the ground that we have held that where a weapon was merely screened from view by the carrier's

body, there is no proven violation of the statute. Williams v. Com., 37 S.W. 680, 18 Ky. Law Rep. 663, and in Reid v. Com., 298 Ky. 800, 184 S.W.2d 101. These cases turned on the fact that the proof did not show a concealment on or about the person. In the Reid case the only evidence was that accused had a pistol in his belt which could be seen by persons approaching from his front, but could not be seen by one approaching from the rear. Here the officer could not see the weapon until after he had taken it from appellant's pocket. "If a weapon is in the pocket or in the clothing of a person, or in some receptacle attached to or carried by the person as he moves, he is guilty of" a violation of the concealed weapon statute.

We fail to find any reversible error occurring on the trial of appellant, hence are compelled to affirm the judgment.