REED v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 16, 1953.

Raymond C. Cravens, Lexington, for appellant.

J. D. Buckman, Atty. Gen., Walter Herdman, Asst. Atty. Gen., for appellee.

COMBS, Justice.

This appeal is from a sentence of two years for forging a check.

At the time of his arraignment, appellant pleaded not guilty. When the case was later called for trial he withdrew his former plea and, upon the advice of counsel, entered a plea of guilty. After a jury fixed his punishment at two years in the penitentiary, appellant filed motion for a new trial upon the ground that "the verdict of the jury is against the law and the evidence."

Hearing on the motion was continued until the following term of court, at which time appellant filed amended motion and grounds for a new trial supported by his own and other affidavits. In his own affidavit appellant stated that he was unable to obtain a continuance and was unable to procure witnesses in his behalf at the time he pleaded guilty but that he had subsequently located his witnesses. The supporting affidavits, if true, would establish appellant's innocence of the charge. The trial court, after a hearing including the introduction of witnesses, overruled appellant's motion and pronounced sentence in accordance with the jury's verdict.

The only question in the case is whether the trial judge abused his discretion in failing to permit appellant to change his plea and in refusing to submit to a jury the issue of his guilt or innocence. Section 174 of the Criminal Code of Practice provides:

"At any time before judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted."

This section of the Code has been construed in a number of cases, including Mounts v. Commonwealth, 89 Ky. 275, 12 S.W. 311, and Kidd v. Commonwealth, 255 Ky. 498, 74 S.W.2d 944, as vesting in the trial court discretion to permit a defendant to withdraw a plea of guilty, even after verdict, in order to prevent injustice. But it was held in both the Mounts case and the Kidd case that a plea of guilty fairly made cannot be withdrawn after verdict merely on the whim or caprice of the defendant, or because the verdict was more severe than he had anticipated.

Here, the plea of guilty was entered on advice of counsel, without any inducements or promises, and there is nothing to show the appellant was misled or overreached. There is no showing in the record that he requested a continuance of his case, or that he made any effort to obtain the presence of witnesses. It is not shown that the witnesses were not within the jurisdiction of the court, or that any process was issued for them. We also note the statement in appellant's brief that some of the witnesses were present in the courthouse at the time of trial.

Appellant has failed to advance any valid reason why he should have been permitted to withdraw his plea of guilty.

The judgment is affirmed.