**Carl James HURT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 29, 1960.

Rehearing Denied April 29, 1960.

Sandy Paniello, Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., David Sebree, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

This is an appeal from a judgment sentencing appellant to a term of 5 years in the penitentiary following his plea of guilty to a charge of malicious cutting and wounding with intent to kill, KRS 435.170(2). The principal ground for the appeal is the trial court's refusal to permit a change of plea to not guilty before judgment had been finally pronounced, Criminal Code of Practice, § 174. The further point is made that under Cr.Code, § 258 the court was required either to fix the punishment at the minimum of 2 years under the statute or to submit the matter of punishment to a jury.

■ With respect to the latter contention, Patton v. Com., Ky., 247 S.W.2d 38, cited by appellant as supporting authority, arose and was decided before June 19, 1952, the effective date of the amendment to Cr. Code §§ 258 and 284 and KRS 431.130 specifically authorizing the procedure which was followed in this case. The point does not merit further comment.

As to the attempted change of plea, the essential facts are these: Following a jury verdict of guilty fixing appellant's punishment at 21 years the trial court, for reasons not here relevant, granted him a new trial. Over the course of the next 7 months there were at least 3 continuances, the last 2 of which were granted on motion of the state. On March 4, 1959, the matter came on for trial again, and again the state announced not ready. Weary of it all, appellant succumbed to the suggestions of counsel that he enter a plea of guilty and take a 5-year sentence at the recommendation of the Assistant Commonwealth's Attorney. Thereupon an order was entered finding him guilty and fixing his punishment at 5 years, at which time he moved that judgment be withheld (KRS 439.260) and moved also for a new trial. On March 26, 1959, both motions were overruled, and while the court was in the act of pronouncing sentence appellant's counsel interrupted with an oral motion that he be permitted to withdraw the plea of guilty and plead not guilty. This motion was overruled and the court, beginning anew, proceeded to pronounce the sentence and judgment.

 

It is clear from the record before us, and from appellant's brief, that his change of plea on March 4, 1959, was induced largely by the hope of probation, a hope which proved to be vain. Hence the effort to change the plea again upon learning the trial court's disposition of his motion for probation. There is, however, nothing in the record which we regard as sufficient to indicate that appellant was overreached or deceived.

 The withdrawal before judgment of a guilty plea and substitution of a plea of not guilty is a matter within the sound discretion of the trial court under Cr.Code, § 174. Reed v. Com., Ky., 261 S.W.2d 630; Franklin v. Com., 305 Ky. 111, 203 S.W.2d 2. No matter what inferences appellant may have drawn with respect to the prospects of probation, both he and his counsel were presumed to know that it was a matter wholly within the court's discretion, and they had no right to assume the result of that discretion. Franklin v. Com., supra. To hold that a change of plea under Cr. Code, § 174 is a matter of right upon the overruling of a motion for probation would, in effect, introduce and legitimate a conditional guilty plea, which is not authorized by our practice. 14 Am.Jur. 953 (Crim. Law, § 273).

 It is urged also on this appeal that the trial court abused its discretion in denying probation and erred in overruling appellant's motion that the report of the probation officer be made a part of the record for purposes of the appeal, the latter motion having been made within the time allowed appellant in which to present his bill of exceptions. A wrongful refusal by the trial court to enter as a part of the bill of exceptions a matter which the appealing party is entitled to have reviewed on his appeal would stand in the same category as a wrongful refusal to sign any bill of exceptions at all, and the proper remedy in such case would not be by appeal. See Mattingly v. Com., Ky., 251 S.W.2d 237. Be that as it may, probation is a matter so peculiarly within the discretion of the trial court (Howell v. Com., 313 Ky. 662, 233 S.W.2d 270; Peoples v. Com., 313 Ky. 618, 233 S.W.2d 265; Harms v. Com., 309 Ky. 772, 219 S.W.2d 8) that it is difficult to conceive of any circumstances under which this court would be justified in substituting its judgment for that of the trial court upon the ground that such discretion had been arbitrarily exercised. By affidavit made a part of the bill of exceptions appellant's counsel says that the report of the probation officer (supposedly confidential, per KRS 439.510) recommended probation. This is denied by counter-affidavit of the probation officer. Assuming, however, for the purposes at hand, that the report actually was favorable and recommended probation, it would not authorize this court to override the judgment of the trial court in favor of that · of the probation officer. Therefore, its exclusion from the bill of exceptions could not have been prejudicial.

The judgment is affirmed.