Robert Vernon ALLEE, Roscoe Stacy and
James Edward Green, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 13, 1970.

As Modified on Denial of Rehearings
June 26, 1970.

R. Barry Wehrman, Wehrman & Wehrman, Covington, Sam Neace, Florence, Frank Wichmann, Covington, for appellants.

John B. Breckinridge, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Robert Vernon Allee, Roscoe Stacy, James Edward Green and Richard Henry Fitzgerald were indicted for grand larceny (KRS 433.220) which occurred on November 21, 1967. Green and Allee were jointly tried. Green was found guilty but the jury was unable to reach a verdict as to Allee. The court sustained Green's motion for a new trial. Later Green was tried jointly with Allee and Stacy. Fitzgerald was ordered tried separately. Matters concerning him are not involved in these proceedings.

Green, Allee and Stacy pleaded not guilty and on August 22, 1968, trial was held. Prior to the opening statements, and out of the presence of the jury, there was a discussion with the court as to its attitude regarding possible probation in the event of a plea of guilty. After the conference Green changed his plea from "not guilty" to "guilty". The court amended the indictment so that it charged Green

with being an accessory to grand larceny. The jury found the three on trial guilty as charged, and fixed their punishment at three years in the penitentiary, however, it recommended probation for Allee and Green. Judgment was entered without granting probation. All three appeal. We affirm.

Allee, Stacy, Green and Fitzgerald plotted to steal goods from a warehouse. Fitzgerald, Stacy and Green were to rent a truck and drive to the warehouse where Allee, an inside employee, was to load the merchandise. Allee attempted to phone his accomplices to tell them he wanted to call off the planned crime, but he could not reach them. He did not participate.

Fitzgerald drove the truck to the warehouse and aroused no suspicions because the dock employee assumed, or was told, that Fitzgerald represented Huey Motor Freight Company which sometimes utilized rented trucks. After approximately $13,000 worth of trousers were loaded, the warehouse employee gave Fitzgerald a bill of lading showing Ohio Valley Area Support Center as the consignee. Stacy and Green viewed the entire episode from a parked automobile and followed the truck away.

The owner suspected that someone in its employ was involved. It engaged a private investigator who obtained other merchandise, then represented to Allee and possibly some other employees, that the goods were illegally obtained by him. Allee accepted an invitation to help dispose of the investigator's merchandise. Later Allee was taken to the office of the Federal Bureau of Investigation, was given the Miranda warnings",[1] signed a waiver, and was interrogated. First, he denied any knowledge whatsoever of the November 21, 1967, caper. He was then confronted by the private investigator whereupon he admitted knowledge of the theft.

Another interrogation occurred a few days later. At that time Allee was again warned of his rights and he signed another waiver stating "I have had the above statement of my rights read and explained to me, and fully understanding them, I hereby waive these rights. I do this freely and voluntarily, without threat or promise." Allee admitted he had set up the theft but claimed he had attempted to stop it; that he was too late and did not learn of the crime until the next day.

Allee argues that the court abused its discretion in denying him a separate trial. RCr 9.16. He contends that a separation is required when there are antagonistic defenses and conflicts of evidentiary and confession matters. 53 Am.Jur. 65, Trials, § 56. For Allee to prevail he must show that the presentation of his recantation defenses was made ineffective because of defenses offered by those jointly tried. 104 A.L.R. 1522. Evidence was admitted and a proper instruction on recantation was given on Allee's behalf. No one denied that Allee tried to withdraw and the others' defenses were not antagonistic. Holding the trial jointly was not error. RCr 9.12.

Stacy contends that he was prejudiced by not having a separate trial because of Green's plea of guilty and Allee's confession. He claims a conflict between the defenses of the others and his defense that he did not physically take the merchandise. It is stated in 54 A.L.R.2d 833 that: " * * * the mere fact that a confession, admission, or similar statement of a codefendant, implicating the moving defendant and not admissible as against the latter, is to be introduced, does not of itself entitle the movant to a separate trial, and that, in the absence of other factors, a denial of the motion is therefore not an abuse of discretion." We concur in that statement. Boggs v. Com., Ky., 424 S.W.2d 806 (1966).

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Stacy admitted he was with Fitzgerald when he rented the truck, followed him to the warehouse, watched the loading and helped store the stolen goods. The evidence in chief against Stacy included his signed statement concerning his participation. "The fact that the movant has himself confessed the commission of the crime has been held to weaken the contention that the trial court abused its discretion in denying him a separate trial, or that he was prejudiced * * * ". 54 A.L.R.2d 862. Wheeler v. United States, 82 U.S. App.D.C. 363, 165 F.2d 225, cert. den. 333 U.S. 829, 68 S.Ct. 448, 92 L.Ed. 1115 (1947), held that the defendant was not prejudiced by the admission of extrajudicial statements, since the codefendant's testimony was substantially to the same effect as his former statement.

In Manson v. State, Fla., 88 So.2d 272 (1956), the court instructed the jury that the confession of the codefendant could not be considered as evidence except against the one confessing. "* * * It is, therefore, clear from the record that substantially all of this oral testimony would have been admissible against appellant Manson even if he had been tried separately * * * ". A similar admonition was given for Stacy.

Polsgrove v. Com., Ky., 439 S.W.2d 776 (1969), considered separate trial rights and discussed Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957); Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) and other cases from that tribunal. After Polsgrove, Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), affirmed a conviction. The Supreme Court said in substance that while it had held in Bruton that the use of a confession of a codefendant who does not take the stand violates the Confrontation Clause of the Sixth Amendment, nevertheless, in Harrington there was overwhelming evidence of his guilt therefore it was not improper for the California court to determine that the error was harmless and that it did not violate guaranteed due process. It noted that the California reasoning was consistent with the rule announced in Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705, reh. den. 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1966), which held that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." The evidence of Stacy's participation was overwhelming. If there was an error in denying him a separate trial "* * * it was harmless beyond a reasonable doubt" and there was no prejudice.

■ Allee and Stacy contend that the merchandise, with a bill of lading for it, was voluntarily delivered to Fitzgerald. The plant manager testified it was the intention of the company by those acts to pass title. They argue that title having passed the crime at most was one of obtaining goods by false pretenses because larceny necessitates establishment that goods were taken without the consent of the owner. They cite Davidson v. Com., 219 Ky. 251, 292 S.W. 754 (1927), which we consider inapplicable because in Davidson "* * * there was no direct evidence that defendant either took or carried away the property * * * with or without * * * consent." Also cited is Hudspeth v. Com., 195 Ky. 4, 241 S.W. 71 (1922), which held that:

"* * * depriving one of property, in order to constitute a larceny, must be against the will, or at least without the consent, of the owner. The act to constitute a larceny must be a trespass, and there can be no trespass where the owner consents to the taking and carrying away * * * with the intention to part with * * * title and possession. * * *. The intention of the taker * * * will not make the offense larceny if the owner consents to parting with both the possession and title to the property * * *."

We said in Rice v. Com., Ky., 300 S.W.2d 238 (1957):

"Generally speaking, and in the absence of statutory modifications, it is essential to every larceny that there be a simultaneous combination of an unlawful taking, and asportation, and a felonious intent. See, 32 Am.Jur., Larceny, Section 10; Roberson's Ky.Cr.Law, Sections 806 and 807. Furthermore, this Court has held that if the owner of property (or his agent) is induced to part with the mere possession of his property by trick or fraud, the taker at the time having an intention to wrongfully appropriate the property to his own use, the taking by such means is larceny. Hudspeth v. Commonwealth, 195 Ky. 4, 241 S.W. 71; Trotter v. Commonwealth, 169 Ky. 551, 184 S.W. 871, L.R.A.1916E, 768; Roberson's Ky.Cr.Law, Section 821."

Here the servant had no authority to deliver the goods or bill of lading to Fitzgerald who feloniously by "trick and fraud" obtained possession of both. The rationale of the Rice case controls. Roberts v. Com., Ky., 317 S.W.2d 181 (1958).

Allee moved for a continuance because his codefendant Green changed his plea of "not guilty" to "guilty". He claims that this surprised him and that it occurred in the presence of a jury. He insists that overruling the motion was a prejudicial abuse of discretion denying him a fair trial, and cites Phelps v. Com., Ky., 435 S.W.2d 86 (1968), and Gossett v. Com., Ky., 426 S.W.2d 485 (1968).

In Warren v. Com., Ky., 333 S.W.2d 766 (1960), the trial was ready to begin when the indictment against a jointly indicted defendant was dismissed. It became known that the dismissed defendant would testify in behalf of the Commonwealth, therefore, Warren moved to discharge the jury and for a continuance on the ground of surprise. We said that the dismissed defendant " * * * had testified before a court of inquiry * * * and it appears the defendant knew what his testimony would probably be on this trial. The court exercised a proper discretion in overruling the motion of continuance. We cannot accede to the appellant's claim that this denied him a fair trial."

In Daniel v. Com., Ky., 311 S.W.2d 384 (1957), it was contended that " * * * the court erred in failing to set aside the swearing of the jury and continue the case upon the ground that he (Daniel) was surprised when a principal witness for the prosecution changed his testimony from that which he had given at a previous trial. Under the circumstances of this case, we find that the court properly refused such action."

In Miller v. Com., 200 Ky. 435, 255 S.W. 96 (1923), we wrote:

" * * * a judgment of conviction will not be reversed for refusing a continuance, unless from all the facts and circumstances of the case it manifestly appeared that defendant's substantial rights were prejudiced thereby * * *."

The practice of changing pleas from "not guilty" to "guilty" is commonplace. Such an act by Green or any of the other defendants could have been anticipated. The jury was bound to learn from the instructions of the court that Green had pleaded guilty. No discretion was abused by refusing to grant a continuance and no prejudice appears.

Allee next contends his conviction was upon an involuntary confession. He states that he confessed in the presence of several officers only after a private detective appeared and advised him that the police knew of his part in the crime. He reasons " * * * if two Kentucky State Policemen, an FBI agent and a private detective, who was a set-up man, cannot persuade an eighteen year old with limited education to at least partially confess, they are not worth their keep * * *." He relies on Creech v. Com., Ky., 412 S.W.2d 245 (1967), which involved a statement elicited

after Creech had declared he did not desire to make any statement.

■ The trial court's ruling that the confession was voluntary will not be disturbed unless the ruling is clearly erroneous. Tarrence v. Com., Ky., 265 S.W.2d 52, cert. den. 348 U.S. 899, 75 S.Ct. 220, 99 L.Ed. 706 (1953), Smith v. Com., Ky., 366 S.W.2d 902 (1962) and Carson v. Com., Ky., 382 S.W.2d 85 (1964).

In Pool v. Com., 308 Ky. 107, 213 S.W.2d 603 (1948), we stated: "We cannot see that appellant * * * was * * * plied with questions or threatened with harm. Therefore, we do not believe that any error was committed in the admission of appellant's written confession as probative evidence against him on this trial."

■ To determine voluntariness the "totality of the circumstances" surrounding the confession must be considered. Fikes v. Alabama, 352 U.S. 191, 197, 77 S.Ct. 281, 1 L.Ed.2d 246 (1957). The status of the accused includes such factors as his youth, education, intelligence, linguistic ability, sanity, etc. Voluntariness of an illiterate can be denounced. White v. Texas, 310 U.S. 530, 60 S.Ct. 1032, 84 L.Ed. 1342 (1940). Age is another factor which can cause a confession, which normally would be valid, to be suppressed because it was involuntary. Haley v. Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948)—a fifteen-year-old boy. Intelligence is also a factor. Fikes v. Alabama, 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246 (1957)—a 27-year-old Negro who started school at eight and reached the third grade at age sixteen. Sickness, ill health, or injury of the accused will influence his will to resist, and hence he will be more prone to the overbearing influence of techniques of improper questioning. Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948 (1961); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Jackson v. Deno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Of course there must be no coercion or torture. Brown v. Miss., 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936); Ward v. Texas, 316 U.S. 547, 62 S.Ct. 1139, 86 L.Ed. 1663 (1942). Keeping a person naked or using other psychology to humiliate, Malinski v. N. Y., 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029 (1945), or to deny food over a long period of time, Payne v. Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958), will invalidate a confession so obtained.

■ This court is not persuaded the minor participation of the private detective destroyed the voluntariness of Allee's confession. Nor are we convinced that the circumstances indicate the confession was involuntarily made.

Green contends that the preliminary conference remarks of the trial judge regarding probation were threatening which caused him to be misled and deceived into changing his plea from "not guilty" to "guilty" and that he was thereby penalized. His later motion to withdraw his plea of guilty and substitute his original plea of not guilty made after verdict but not before sentencing was denied. He claims it should have been sustained.

RCr 8.10 states that "At any time before judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted." In Kidd v. Com., 255 Ky. 498, 74 S.W.2d 944 (1934), we said that under § 174 of the Criminal Code of Practice (now RCr 8.10) the trial court should not " * * * exercise its judicial discretion by allowing the withdrawal of the plea after sentence, unless it appears that the accused's consent to plead guilty was unwillingly given and made under circumstances of fear, deceit, or coercion." Also see Reed v. Com., Ky., 261 S.W.2d 630 (1953). The record before us shows only that the court stated he " * * * would give great consideration to the jury's recommendation (of probation) and probably would follow said recommendation."

■ Except for certain statutory requirements (not applicable here) probation of a sentence is discretionary with the trial

court. Darden v. Com., 277 Ky. 75, 125 S. W.2d 1031 (1939); Harms v. Com., 309 Ky. 772, 219 S.W.2d 8 (1949). In Hurt v. Com., Ky., 333 S.W.2d 951 (1960), appellant's "change of plea on March 4, 1959, was induced largely by the hope of probation, a hope which proved to be vain." We stated "No matter what inferences appellant may have drawn with respect to the prospects of probation, both he and his counsel were presumed to know that it was a matter wholly within the court's discretion." We find no indication of any threat or that Green or his counsel was misled or deceived by the trial judge's remarks regarding probation.

Green contends further that the original indictment charged him with grand larceny, but was amended to being an accessory before the fact of grand larceny. He pleaded guilty to that latter charge, but an error was made in the judgment.

The jury was instructed to find Green guilty of being an *accessory* before the fact of grand larceny but the judgment showed Green guilty of *grand larceny*. The Commonwealth answers that this was merely a clerical mistake which easily can be rectified, (RCr 10.10) and that it was a harmless error. RCr 9.24. KRS 431.160 concerning "Crimes and Punishments" states: "* * * Except as otherwise provided by law, accessories before the fact to any felony shall be liable to the same punishment as a principal * * *". Green fails to show that he was prejudiced, or that he made any effort below to correct the judgment. CR 59.05. He cannot now complain. Adams Real Estate Corporation v. Ward, Ky. (decided February 20, 1970).

After deliberating, the jury several times in open court before the parties and their counsel, returned and requested advice regarding possible probation. On one occasion a juror asked: "If we recommend probation for the two young ones does the court have to grant it?" The trial judge answered:

"Ladies and Gentlemen:

Since it was discussed in the arguments and during the trial about probation and parole, the situation as to probation is this: It is strictly up to the Court. I can't keep you from writing anything you want to on your verdict. You can write anything you want to or hope for or wish for. I can't tell you now what the outcome will be. That is strictly a prerogative of the Court, with or without your recommendation. I still say you can, on the back of the instructions or on a blank sheet of paper, you can write out your verdict and we will look at it and if it is proper verdict, it will be accepted. If it isn't, it won't be. If it is proper with an addition of recommendations, that doesn't necessarily make it improper. It may have a bearing and it may not. The prerogative of probation is strictly up to the Court."

Appellant Stacy contends that the trial court committed prejudicial error by his verbal remarks, citing RCr 9.54 which requires "* * * the court to instruct the jury *in writing* on the law of the case * * *". Cf. Instructions to Juries, Stanley, Vol. 3, § 761. He argues that the comments of the judge made it easier for the jury to return a verdict of guilty or at least influenced the decision on the question of guilt.

The jury was requested in writing to make recommendation with respect to probation. Its questions indicated some confusion as to the wording of the request. At no time did the court orally instruct the jury on the law of the case, but made it crystal clear that "* * * probation is strictly up to the court * * *". Ingram v. Com., Ky., 427 S.W.2d 815 (1968). We find nothing in the explanation or in any statement which the court made to have been prejudicial to Stacy or contrary to RCr 9.54.

The judgment as to each of the appellants is affirmed.

All concur.