Thomas Lee BUNTON and Anthony Newell, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 19, 1971.

Kenny Grantz, Louisville, for appellants.

John B. Breckinridge, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

Appellants were jointly indicted, tried, and convicted of the crime of armed robbery. Newell's punishment was fixed by the jury at 20 years in prison and Bunton's at 10 years. They appeal and file a joint brief. We affirm.

Only two arguments are presented. First, it is said the trial court erred in denying the joint motion of the appellants for separate trials. Secondly, it is urged that the trial court erred in overruling the motion of appellant Bunton for a directed verdict on the theory that the evidence tending to identify appellant Bunton was insufficient to justify his conviction.

Barney Bryan testified that on May 5, 1969, while working at the O & P Liquor Store in Louisville, Kentucky, he was robbed by two colored men; that one held a gun on him while the other attempted to open the cash register, and failing to do so, found a bag of change containing about $60, grabbed it and took a "decoy wallet" from him; that they proceeded to make their getaway; and that he could not identify either of them.

Officer McAlister of the St. Matthews police force was first notified of the crime. He was given a description of the two men and the license number of the car. All this information was dispatched by police radio on a frequency used by both the Jefferson County Police Department and St. Matthews Police Department.

Two police officers, Monroe and Craddock of the Jefferson County force, observed a car fitting the description given by radio and gave chase to the car. While they were pursuing the car, an object was thrown from the car being chased which struck the police vehicle. Officer McAlister, being advised that an object had been thrown from the car, investigated the

area and found loose change scattered over the highway. Officers Monroe and Craddock continued to chase the suspected vehicle until it turned into the Howard Johnson's parking lot near Shelbyville Road to the east of Louisville and St. Matthews. About this time, the car being chased slowed down and one of the occupants jumped, was thrown, or was kicked out of the car. He ran across a field, pursued by Craddock. The other officer proceeded after the escaping vehicle for a short distance until it wrecked. Officer Craddock, no so fleet of foot, never got closer than seventy-five feet of the man who left the car when it slowed down, but he took a close look at the clothing he was wearing.

The arresting officer testified that after the arrest of Newell he observed, without opening the wrecked vehicle, a revolver and a wallet which were "in plain view." This wallet was later identified by the victim, Bryan, as the one taken from him during the robbery.

Shortly after Craddock gave up the chase, Officer Stovall of the Jefferson County Police Department observed a colored male fitting the description given by Craddock. The man was walking along not far from the point where Craddock gave up the chase. This suspect jumped in the weeds and ran, but he was caught and was identified as the appellant Bunton.

During the ride to the police station, appellant Bunton confessed to the crime and involved Newell as the one who planned the crime.

While in the custody of Detective Conway of the Jefferson County Police Department, appellant Newell also confessed to the armed robbery of Bryan but placed the blame on Bunton for having planned the crime.

Appellants rely on RCr 9.16 as authority to support their argument that they were entitled to separate trials, the pertinent part of which we quote:

"If it appears that a defendant * * * is or will be prejudiced * * * by joinder for trial, the court shall * * * grant separate trials of defendants or provide whatever relief justice requires."

Before a jointly indicted defendant is entitled to a separate trial, he must timely demonstrate to the trial judge that he will be prejudiced by a joint trial. Allee v. Commonwealth, Ky., 454 S.W.2d 336 (1970). It naturally follows that the trial judge is vested with a discretion in determining the question of whether prejudice will result to the defendant by a joint trial.

Appellants lean heavily on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). But in Bruton only one of the joint defendants confessed to the crime. Whereas, in the instant case both defendants gave separate confessions while not together. The only important difference between their confessions related to the question of who planned the crime, and that question is unimportant to the guilt or innocence of the parties. Also after Bruton, supra, the same court in Harrington v. California, 395 U.S. 250, 252, 89 S.Ct. 1726, 1728, 23 L.Ed.2d 284 (1969), lightened the impact of the rule in Bruton by saying that, " * * * apart from them [confessions] the case against Harrington was so overwhelming that we conclude that this violation of Bruton was harmless beyond a reasonable doubt."

In our recent case of Polsgrove v. Commonwealth, Ky., 439 S.W.2d 776, 780 (1969), this court followed the spirit of Harrington, supra, but in a somewhat different vein when it was written that, "the incriminating circumstances of his arrest [Polsgrove] and the evidence found at the time thereof demonstrate that the statement of his co-defendant was not a *vitally important* part of the prosecution's case." (Our emphasis)

After Polsgrove came Allee v. Commonwealth, supra, wherein this court decided error, if any, in denying separate trials was harmless notwithstanding the fact that one

defendant had signed a confession while still another had pleaded guilty during the course of the trial where evidence of defendant's participation in the crime was overwhelming.

Allee, supra, preceded Taylor v. Commonwealth, Ky., 461 S.W.2d 920 (1970), by only a few months. In Taylor, we discussed the identical situation we have in the instant case. There we wrote, " * * * this argument also would fail, because the two confessions were substantially identical * * *."

It is concluded that neither appellant was prejudiced by a joint trial of the charge against him, and therefore there was no abuse of discretion by the trial court in overruling the motion for separate trials.

■ It is next asserted that appellant Bunton was entitled to a directed verdict for failure to prove his identity as one of the perpetrators of the crime. From the facts and evidence heretofore recited in detail, we readily conclude that the evidence identifying appellant Bunton was sufficient. The officers were in hot pursuit of both Bunton and Newell. They were caught, literally, while on the run. Bunton admitted his guilt, and there is no contention here that his confession was involuntary. That was enough.

Although not mentioned in appellants' joint brief, casual reference is made in the statement of facts to the point that evidence of Newell's escape from jail was admitted over his protest. Anyway, evidence that appellant Newell attempted to escape jail is evidence of guilt as to Newell and therefore competent. See Napier v. Commonwealth, 306 Ky. 75, 206 S.W.2d 53 (1967), and 29 Am.Jur.2d, Evidence § 285. See also Fugate v. Commonwealth, Ky., 445 S.W.2d 675 (1969).

The judgment is affirmed.

All concur.