**Hershell BLAIR, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

G. C. Perry, III, Perry & Greene, Paintsville, for appellant.

John B. Breckinridge, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Chief Justice.

Appellant Hershell Blair was indicted for aiding and abetting the crimes of robbery, rape and wilful murder. With the aid of an employed attorney he engaged in plea bargaining. After the negotiations were concluded he withdrew his plea of not guilty and entered a plea of guilty to accomplice of voluntary manslaughter. The record shows that with meticulous care, in order to fully comply with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969), the trial judge ascertained that the plea was completely voluntary. Judgment was entered finding him guilty and sentencing him to serve five years in the state reformatory.

Blair, being disappointed because his sentence was not probated, immediately moved for permission to withdraw the guilty plea, to set aside the sentence and to grant him a trial. The motion was overruled. From the judgment and order overruling this motion, Blair appeals. We affirm.

While admitting that no representative of the Commonwealth agreed that Blair's

**644**

sentence would be probated, his counsel argues that Blair "* * * was lured by a light at the end of the tunnel beckoning unto him to enter a plea of guilty." He claims that he and Blair had assumed that the sentence would be probated and that Blair was innocent of crime. Blair had no right to assume he would be probated. Ray v. Commonwealth, Ky., 398 S.W.2d 504 (1966).

RCr 8.10 provides that the court may allow a plea of guilty to be withdrawn and a plea of not guilty substituted at any time before judgment. Blair's motion to withdraw the guilty plea was made after judgment and sentencing.

In Allee v. Commonwealth, Ky., 454 S.W.2d 336, 341 (1970), the court stated:

"In Kidd v. Com., 255 Ky. 498, 74 S.W.2d 944 (1934), we said that under § 174 of the Criminal Code of Practice (now RCr 8.10) the trial court should not '* * * exercise its judicial discretion by allowing the withdrawal of the plea after sentence, unless it appears that the accused's consent to plead guilty was unwillingly given and made under circumstances of fear, deceit, or coercion.' "

\* \* \* \* \* \*

"In Hurt v. Com., Ky., 333 S.W.2d 951 (1960), appellant's 'change of plea on March 4, 1959, was induced largely by the hope of probation, a hope which proved to be vain.' We stated 'No matter what inferences appellant may have drawn with respect to the prospects of probation, both he and his counsel were presumed to know that it was a matter wholly within the court's discretion.' "

The record is clear that there was no coercion. We consider Allee as being dispositive of the issues before us.

The judgment is affirmed.

All concur.