**COMMONWEALTH of Kentucky, Movant,**

v.

**Harrel T. ROGERS, Respondent.**

Supreme Court of Kentucky.

Oct. 31, 1985.

Cicely Jaracz Lambert, Asst. Atty. Gen., Frankfort, for movant.

Thomas Todd Davis, Neal, Stewart & Davis, Shelbyville, for respondent.

VANCE, Justice.

Respondent, Harrel T. Rogers, was found guilty of receiving stolen property of a value in excess of $100.00 for the theft of a tractor, bush hog, and front-end loader. Kenneth Chisholm, a codefendant who was tried jointly, was acquitted.

Respondent's conviction was reversed by the Court of Appeals because the trial court failed to grant his motion for a separate trial. We granted discretionary review, and we reverse the decision of the Court of Appeals.

At the trial, Chisholm testified that respondent solicited his aid in removing the equipment in question from a work site of the Texas Gas Transmission Company to a barn owned by Gayle Stivers. Respondent drove Chisholm to the work site, gave him the keys to the tractor, and stated that he had permission to borrow the tractor and to store it in Stivers' barn. Respondent, according to Chisholm, then drove his truck to the Stivers' barn. Chisholm drove the tractor there, and the two then left in respondent's truck.

Respondent denied any part in the transaction and contended he was working at a separate construction site at the times involved.

Since the adoption of RCr 9.16, jointly-indicted defendants no longer are entitled to automatic severance upon request. Now, prior to the swearing of the jury, a defendant must prove that joinder would be so prejudicial as to be "unfair" or "unnecessarily or unreasonably hurtful." *Bunton v. Commonwealth*, Ky., 464 S.W.2d 810, 812 (1971); *Ware v. Commonwealth*, Ky., 537 S.W.2d 174, 176 (1976); *Romans v. Commonwealth*, Ky., 547 S.W.2d 128, 131 (1977). The trial court is given wide latitude in determining whether the risk of prejudice is great enough to require two trials. *Harris v. Commonwealth*, Ky., 556 S.W.2d 669 (1977). The trial court's decision will be reversed only upon a clear showing of abuse of discretion. *Rachel v. Commonwealth*, Ky., 523 S.W.2d 395 (1975).

Movant cites the two-prong test of *Hoskins v. Commonwealth*, Ky., 374 S.W.2d 839, (1964), as the guide for granting severance. *Hoskins* states:

"[t]hat the mere fact that evidence competent as to one defendant but incompetent as to the other may be introduced is not alone sufficient to establish such prejudice as to require the granting of separate trials. Ordinarily, there must be some additional factor, such as that the defendants have antagonistic defenses, or that the evidence as to one defendant tends directly to incriminate the other, *e.g.*, one defendant's admissions directly implicate the other."

*Hoskins*, at 842.

Arguing that two factors must coincide for the court to grant severance, movant claims that respondent has passed only one

part of the test by asserting an antagonistic defense, and notes that one prong, in and of itself, does not necessarily entitle respondent to a separate trial. *Rachel, supra* at 400. Movant states that since Chisholm would have given the same testimony in two separate trials, none of the evidence was incompetent as to respondent and hence the first part of *Hoskins* was not satisfied. This is perhaps the kind of case that this court contemplated when it wrote:

> "That different defendants alleged to have been involved in the same transaction have conflicting versions of what took place, or the extent to which they participated in it, vel non, is a reason for rather than against a joint trial. If one is lying, it is easier for the truth to be determined if all are required to be tried together."

*Ware v. Commonwealth*, Ky., 537 S.W.2d 174, 177 (1976).

We are not convinced that any material evidence was admitted against respondent in the joint trial which would have been inadmissible against him had he been tried separately. We see nothing in the joinder of the two defendants for trial which was unreasonably hurtful to respondent. It must follow that we find no abuse of discretion by the trial court in its failure to grant separate trials. As a matter of fact, the Court of Appeals did not determine the failure to grant separate trials was an abuse of discretion, it simply found that the granting of a separate trial would be consistent with the opinion in *Ware v. Commonwealth, supra,* in light of the opinion in *Compton v. Commonwealth,* Ky., 602 S.W.2d 150 (1980). *Compton* is inapposite because in *Compton* evidence was introduced against a defendant which would not have been admissible in a separate trial.

The decision of the Court of Appeals is reversed, and the judgment entered by the trial court is affirmed.

All concur.