RENDERED: JULY 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1178-MR

CHRISTOPHER W. LUTTRELL                              APPELLANT

v.
APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 06-CR-00270

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

CLAYTON, CHIEF JUDGE: Christopher Luttrell ("Luttrell") appeals from the

Henderson Circuit Court's order denying his motion to withdraw his guilty plea

pursuant to Kentucky Rule of Criminal Procedure (RCr) 8.10. Based upon our

review of both the record and applicable law, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2006, Luttrell was indicted by the Henderson County grand jury for murder, first-degree robbery, kidnapping, theft by unlawful taking over $300, and being a second-degree persistent felony offender. Specifically, Luttrell was charged with the October 16, 2006 murder of Boni Frederick, a social worker for the Commonwealth of Kentucky (the "Commonwealth"), as well as the theft of Boni's automobile, purse, and jewelry. Additionally, Luttrell was charged with the kidnapping of a minor child who was in the custody of the Cabinet for Health and Family Services. The prosecution announced its intent to pursue the death penalty against Luttrell, and the trial court continued the trial pending psychological evaluations of Luttrell. The trial court ultimately determined that Luttrell was not eligible for the death penalty pursuant to Kentucky Revised Statutes (KRS) 532.140.

After hearing testimony that Luttrell was competent to enter a guilty plea, Luttrell was ultimately sentenced to life imprisonment without the possibility of parole pursuant to a plea deal in which he pled guilty but mentally ill to the charges contained in the indictment.

Luttrell subsequently filed a *pro se* motion to vacate his conviction pursuant to RCr 11.42, claiming twelve bases for relief, including the allegation that his trial counsel provided ineffective assistance of counsel by failing to advise

him that he was ineligible for the death penalty due to his intellectual disability. The trial court appointed counsel and ordered an evidentiary hearing, after which it denied the RCr 11.42 motion. Specifically, the trial court found that trial counsel had provided competent advice to Luttrell, that the trial court had advised Luttrell of his rights, and that Luttrell had knowingly and voluntarily accepted the Commonwealth's plea offer. Luttrell appealed, but the appeal was ultimately dismissed at his request in May of 2012.

Over the next eight years, Luttrell filed three separate motions to vacate his sentence pursuant to Kentucky Rule of Civil Procedure (CR) 60.02. The trial court denied all three motions, and each time a panel of this Court affirmed on appeal.

In September of 2018, Luttrell moved to withdraw his guilty plea pursuant to RCr 8.10 and to enter a new plea of guilty but mentally ill that would result in a sentence of twenty-five years. He alleged that his trial counsel falsely informed him that a plea of guilty but mentally ill would permit him to serve his sentence in a psychiatric institution or a hospital instead of a prison. The trial court denied the motion, and this appeal followed.

## ANALYSIS

Luttrell contends that the trial court committed reversible error when it denied Luttrell's RCr 8.10 motion and failed to provide him with an evidentiary

hearing.  RCr 8.10 provides that a court may allow a guilty plea to be withdrawn "at any time *before* judgment[.]"  (Emphasis added.)  However, a guilty plea cannot be withdrawn *after* final judgment unless "it appears that the accused's consent to plead guilty was unwillingly given and made under circumstances of fear, deceit, or coercion."  *Blair v. Commonwealth*, 479 S.W.2d 643, 644 (Ky. 1972) (internal quotation marks and citations omitted).

In this case, Luttrell did not move to withdraw his plea prior to the trial court's entry of final judgment and sentencing.  Thus, the trial court was tasked with determining whether Luttrell's guilty plea was "made under circumstances of fear, deceit, or coercion."  *Id*.  Here, the trial court's order denying Luttrell's RCr 11.42 motion specifically found that Luttrell's plea was made knowingly and voluntarily, and Luttrell withdrew his appeal of that order.  Thus, such determination became final and is the law of the case.  The "'[l]aw of the case' refers to a handful of related rules giving substance to the general principle that a court addressing later phases of a lawsuit *should not reopen questions decided by that court or by a higher court during earlier phases of the litigation*."  *Brown v. Commonwealth*, 313 S.W.3d 577, 610 (Ky. 2010) (citation omitted) (emphasis added).  Indeed, "[w]here multiple appeals occur in the course of litigation, [the] law-of-the-case rule provides that issues decided in earlier appeals should not be revisited in subsequent ones."  *Id*.  Thus, the voluntariness of

Luttrell's plea cannot be challenged in subsequent litigation, and the trial court correctly denied Luttrell's motion to withdraw his guilty plea and for an evidentiary hearing.

Luttrell also makes arguments concerning the ineffectiveness of his trial counsel. We agree with the Commonwealth that, to the extent that Luttrell questions his trial counsel's effectiveness, such claims are procedurally barred. Final disposition of an RCr 11.42 motion "shall conclude all issues that reasonably could have been presented in that proceeding." *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983). Luttrell could have argued in his RCr 11.42 motion that trial counsel provided deficient advice by failing to inform him that he could be placed in a correctional institution despite his plea of guilty but mentally ill. Because he failed to do so, he cannot raise this argument in a subsequent motion for post-conviction relief.

## CONCLUSION

For the foregoing reasons, the order of the Henderson Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Christopher W. Luttrell, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky