RENDERED:  NOVEMBER 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0820-MR

JAMES SAMUEL                                                                          APPELLANT

v.

APPEAL FROM CHRISTIAN CIRCUIT COURT
HONORABLE ANDREW C. SELF, JUDGE
ACTION NO. 21-CR-00251

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, GOODWINE, AND TAYLOR, JUDGES.

DIXON, JUDGE:  James Samuel appeals his conviction and sentence entered by the Christian Circuit Court on December 8, 2021.  After a careful review of the briefs, record, and applicable law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

James Samuel entered an unconditional guilty plea to the charges of first-degree stalking, violation of a Kentucky domestic violence order, and theft by

unlawful taking over $500 in exchange for a ten-year recommended sentence and the Commonwealth's agreement not to oppose probation into a long-term rehabilitation program. At sentencing on December 8, 2021, Samuel argued probation was the appropriate resolution given the pre-sentence investigation assessment of his needs and his desire for treatment. The court denied probation and sentenced Samuel in accordance with the plea, and this belated appeal followed. We will introduce additional facts as they become relevant.

## LEGAL ANALYSIS

Samuel first asserts that his plea was not knowingly, voluntarily, or intelligently made, as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), and RCr[1] 8.08, because he was deceived about the possibility of probation.[2] As proof that the possibility of probation was illusory, Samuel cites the court's statements during sentencing that he was "by far the worst and most disconcerting perpetrator of domestic violence that [the court had] seen in 15 years on the bench[,]" and that the court would not have granted him probation even if the victim had supported the request, which she did not.

---

[1] Kentucky Rules of Criminal Procedure.

[2] *Boykin* challenges may be raised on direct appeal even when the defendant has entered an unconditional guilty plea. *Windsor v. Commonwealth*, 250 S.W.3d 306, 307 (Ky. 2008).

The crux of Samuel's claim is that he would not have pled guilty had he known the court would deny probation. Importantly, probation was not a condition of the plea; the Commonwealth merely stated it would not oppose Samuel's request, and the plea agreement stated in bold font that "[g]ranting [p]robation . . . [is] at the pure discretion of the Judge[] and cannot be a basis to withdraw your plea." Samuel averred to the court during his plea colloquy that he had reviewed the offer with counsel, that he was not impaired, that he had no questions, and that he had read and signed the offer. After accepting the plea, Samuel made no objection to the court's statement that it would decide whether Samuel would be incarcerated or probated at sentencing. From these facts, we conclude Samuel was aware that his plea only guaranteed him the opportunity to request probation without opposition, a benefit that he received; therefore, his plea was knowing, intelligent, and voluntary.

Next, Samuel argues that the court abused its discretion when it disregarded evidence that the underlying cause of his issues was substance use that would be best addressed via long-term treatment, not incarceration, and denied probation. We are unconvinced.

KRS[3] 533.010(2) provides that:

[A]fter due consideration of the defendant's risk and needs assessment, nature and circumstances of the crime,

---

[3] Kentucky Revised Statutes.

-3-

and the history, character, and condition of the defendant, probation . . . shall be granted, unless the court is of the opinion that imprisonment is necessary for protection of the public because[, as the court found herein, probation would] . . . unduly depreciate the seriousness of the defendant's crime.

We review a court's decision on probation for an abuse of discretion. *Allee v. Commonwealth*, 454 S.W.2d 336, 341-42 (Ky. 1970); *see also Boone v. Commonwealth*, 155 S.W.3d 727 (Ky. App. 2004). A court abuses its discretion if its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

Here, the court heard evidence regarding Samuel's risk and needs assessment and demonstrated a thorough knowledge of the crime, as well as Samuel's history and character, from taking testimony in the underlying matter and presiding over his prior felony case. The evidence was that Samuel had physically, mentally, verbally, and sexually abused the victim repeatedly during their six-year relationship. As a result of the abuse, the victim attempted to escape by moving to Kentucky in 2015, but Samuel found her and followed her to the Commonwealth.

In December 2018, Samuel made repeated threats to hunt, beat, and kill the victim; sent her and her son harassing messages; attempted to enter her vehicle at a drive-thru after blocking her escape; followed and tracked her to her new residence; and repeatedly stalked her at that residence, threatening to break

-4-

her door down. In fact, the next month – after an order of protection had been entered – Samuel broke down the victim's door, chased her through the house, struck her, and took her cellphone. As a result, on February 19, 2020, Samuel pled guilty to two counts of intimidating a participant in the legal process, third-degree terroristic threatening, fourth-degree assault, domestic violence, second-degree stalking, harassing communications, and four counts of violating a protection order.

In the underlying action, it was alleged that in December 2020, while on probation and in contravention of a protection order, Samuel again stalked the victim outside her home during the early hours of the morning, attempted to enter her vehicle, and followed her when she fled to a public location to obtain assistance. Given this evidence, we cannot say that the court abused its discretion in denying probation.

Finally, Samuel contends that the court erred by not allowing him to withdraw his plea when he testified at an evidentiary hearing – held almost a year after sentencing – that counsel had ignored his instructions to seek withdrawal. It is conceded that this claim was not preserved for review, but Samuel maintains that, because it is a sentencing issue, preservation is not required pursuant to *Webster v. Commonwealth*, 438 S.W.3d 321, 325 (Ky. 2014). We, however, agree with the Commonwealth that this matter is not properly before the Court.

Ordinarily, the failure to preserve an issue waives appellate review "unless a request for palpable error review under RCr 10.26 is made and briefed by the appellant." *Id.* at 325 (citing *Shepherd v. Commonwealth*, 251 S.W.3d 309, 316 (Ky. 2008)). However, as the Court explained in *Webster*:

> there are certain exceptions where we will automatically treat an unpreserved sentencing issue as though it was preserved for appellate review notwithstanding an appellant's failure to raise the issue before the trial court. . . . [T]o receive the benefit of appellate review without preservation, we require Appellant to raise a true "sentencing issue" on appeal. *Jones v. Commonwealth*, 382 S.W.3d 22, 27 (Ky. 2011).
>
> In *Grigsby v. Commonwealth*, we explained that "the phrase 'sentencing issues' does not refer to any issue that arguably affected the ultimate sentence imposed. Instead, it refers to a claim that a sentencing decision is contrary to statute[4] . . . or was made without fully considering what sentencing options were allowed by statute[.]"[5] 302 S.W.3d 52, 54 (Ky. 2010). . . . Notably, those sentencing issues that are automatically treated as preserved both involve sentencing decisions and do not involve any other aspect of the sentencing phase. *See id.*

438 S.W.3d at 325-26.

---

[4] As an example, in *Wellman v. Commonwealth*, 694 S.W.2d 696, 698 (Ky. 1985), the court reviewed an unpreserved claim that Defendant's multiple sentences to life imprisonment, rather than a single sentence of life imprisonment, contravened KRS 532.080(1).

[5] Such as when a court fails to consider probation as required by KRS 533.010. *See Knox v. Commonwealth*, 361 S.W.3d 891 (Ky. 2012); *Hughes v. Commonwealth*, 875 S.W.2d 99 (Ky. 1994).

Beyond a general assertion that the exception applies, Samuel has not demonstrated how the court's alleged failure to *sua sponte* withdraw his plea qualifies as a sentencing issue as defined by *Webster*. Accordingly, the preservation exception does not apply, and because Samuel has not requested palpable error review, we do not reach the merits of this argument.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Christian Circuit Court is hereby AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert C. Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky