RENDERED: DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1395-MR

MATTHEW R. BIGGS                                                    APPELLANT


APPEAL FROM GREENUP CIRCUIT COURT
v.      HONORABLE BRIAN CHRISTOPHER MCCLOUD, JUDGE
ACTION NO. 20-CR-00120


COMMONWEALTH OF KENTUCKY                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE: Matthew Biggs appeals from his conviction related to the sexual abuse of a minor. Appellant argues that the trial court erred when it did not sever his trial from that of his codefendant. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant and his husband were the foster parents to a child we will refer to as John Doe. During John Doe's time with Appellant and his husband, he

was sexually abused. Appellant and his husband were eventually charged with various crimes related to this sexual abuse.

Prior to trial, Appellant moved to sever his trial from that of his husband. The reason for the severance was related to sexually explicit text messages Appellant's husband sent to John Doe. Appellant argued that the messages sent by his husband would not be admissible at Appellant's trial if he were tried separately and claimed that the messages were unduly prejudicial against him. The court denied the motion and the trial commenced with Appellant and his husband being tried together. During trial, Appellant's counsel was able to elicit testimony from John Doe and the police investigator that Appellant did not send sexually explicit text messages to John Doe.

Appellant and his husband were both convicted of various sexual-related crimes and Appellant was sentenced to twelve years in prison. This appeal followed.

## ANALYSIS

As previously stated, Appellant moved to sever his trial from that of his husband due to the sexually explicit text messages his husband sent to John Doe. Appellant argues on appeal that the decision not to sever was unreasonable as it exposed him to inflammatory and prejudicial evidence.

> Two (2) or more defendants may be charged in the same indictment, information or complaint if they are alleged

to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately, and all of the defendants need not be charged in each count.

Kentucky Rules of Criminal Procedure (RCr) 6.20.

If it appears that a defendant or the Commonwealth is or will be prejudiced by a joinder of offenses or of defendants in an indictment, information, complaint or uniform citation or by joinder for trial, the court shall order separate trials of counts, grant separate trials of defendants or provide whatever other relief justice requires.

RCr 8.31.

A criminal defendant is not entitled to severance unless there is a positive showing prior to trial that joinder would be unduly prejudicial. "The trial judge has considerable discretion in ruling [on such] a motion." *Humphrey v. Commonwealth*, 836 S.W.2d 865, 868 (Ky. 1992) (citations omitted). "[A] defendant must prove that joinder would be so prejudicial as to be 'unfair' or 'unnecessarily or unreasonably hurtful.'" *Commonwealth v. Rogers*, 698 S.W.2d 839, 840 (Ky. 1985) (citations omitted).

[T]he mere fact that evidence competent as to one defendant but incompetent as to the other may be introduced is not alone sufficient to establish such prejudice as to require the granting of separate trials. Ordinarily there must be some additional factor, such as that the defendants have antagonistic defenses, or that the evidence as to one defendant tends directly to incriminate

the other, e. g., one defendant's admissions directly implicate the other.

*Hoskins v. Commonwealth*, 374 S.W.2d 839, 842 (Ky. 1964).

In the case at hand, we conclude that the trial court did not abuse its discretion in denying the motion to sever. We do not believe that the text messages were overly prejudicial to such a degree that Appellant's trial was rendered unfair. The text messages did not mention Appellant and Appellant's counsel elicited testimony that Appellant did not send sexually explicit text messages to John Doe. The trial court's decision on this matter was reasonable.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. The text messages at issue were not unduly prejudicial to the point of requiring a severance of trials.

ALL CONCUR.

BRIEF FOR APPELLANT:

Ryan Avery Lother
Flatwoods, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky